313 So.2d 644 (1975)
BANK OF COUSHATTA, Plaintiff-Appellant,
v.
Robert L. EVANS et al., Defendants-Appellees.
No. 12608.
Court of Appeal of Louisiana, Second Circuit.
June 3, 1975.
*645 Bethard & Davis by J. Q. Davis, Coushatta, for plaintiff-appellant.
Horton & Jones by Donald G. Horton, Coushatta, for defendants-appellees.
Before BOLIN, PRICE and DENNIS, JJ.
PRICE, Judge.
Plaintiff, Bank of Coushatta, appeals from a judgment of the trial court failing to allow it to recover to the full extent of a continuing guaranty executed by defendant, Walon J. Bamburg, Sr.
The facts of the case are shown by a narrative of the facts made a part of the record and by the trial judge's written reasons for judgment. Robert L. Evans, sonin-law of Bamburg, executed a note with the Bank of Coushatta for the sum of $772.68. Pursuant to the bank's requirement that Evans have additional collateral to borrow the money Bamburg went to the bank to "sign for him." Bamburg was the only party to testify at the trial. He stated that although he knew the extent of his liability if he endorsed the note, for reasons which are not clear from the record he would not sign a note but was willing to sign a continuing guaranty. The continuing guaranty he executed on August 3, 1973, was in the total amount of $772.00. Later, Evans signed a second note from the bank in order to purchase a car. This note was in the total sum of $3,913.92, and was secured by a chattel mortgage. When Evans fell in arrears on the two notes the bank sued Evans on the notes and Bamburg on his continuing guaranty. Evans was never served with process and is not a party to this appeal.
In answer to the bank's petition Bamburg admitted signing the continuing guaranty and admitted liability for $243.64, the amount left unpaid on Evans' first note for the bank, as well as a delinquency charge, interest and attorney's fees. He makes no allegations as to why he would not be liable to the full extent of the continuing guaranty except to state that the debt arose "as a result of Robert L. Evans signing a promissory note for the sum of $772.00."
At the trial the bank presented the record which contained the notes and the continuing guaranty and rested.
The defense called Bamburg, who testified that he understood the continuing guaranty to apply only to the first note signed by Evans. However, before he could so testify, the bank objected on the grounds of Code of Civil Procedure Article 1005, alleging the defendants' failure to set forth the affirmative defense of error or mistake, or fraud. The trial court overruled the objection, allowed Bamburg to testify and ruled in favor of defendant limiting his liability to the extent of the first note signed by Evans.
On appeal plaintiff-appellant primarly alleges the trial judge improperly allowed Bamburg to testify to his understanding of the responsibility he assumed by signing the instrument. The continuing guaranty signed by Bamburg reads in part as follows:
"I hereby give this continuing guaranty to the said Bank of Coushatta, its transferees or assgns, for the payment in full together with all interest, fees and charges of whatsoever nature and kind, *646 of any indebtedness, direct or contingent, of said debtor to said Bank of Coushatta up to the amount of $772.00, whether due or to become due and whether now existing or hereafter arising . . ."
Defendant-appellee neither filed a brief nor made an appearance in this court. The record therefore does not contain an exact statement of what Bamburg's defense consisted of. The trial court's judgment states:
"It is this court's opinion Bamburg did not intend to sign such a guaranty as to include a second loan by the bank to Evans. Nor was the bank official led to believe so."
The second part of this finding is apparently based on the fact that the Bank "did not call anyone to contradict or add any evidence."
Taking the record as a whole it can validly be assumed that Bamburg's defense was error in the motive under Civil Code Articles 1824 et seq. Since Code of Civil Procedure Article 1005 specifically delineates error as one of the affirmative defenses which must be pleaded by a defendant, we feel the trial court improperly overruled plaintiff's objections and therefore reverse.
The purpose of C.C.P. Article 1005 is to prevent surprise by giving the plaintiff fair notice of the nature of the defense, thereby preventing interjection of unexpected issues. Scott v. Behrman, 273 So.2d 661 (La.App. 4th Cir. 1973); Bates v. Stewart, 262 So.2d 591 (La.App. 3rd Cir. 1972).
We note C.C.P. Article 1005 has been liberally construed by the courts. However, in the situation where the defendant answers with a mere general denial, he cannot be allowed to prove an affirmative defense over timely objection of plaintiff's counsel. Mochitta v. Lemak, 165 So.2d 568 (La.App. 1st Cir. 1964).
For the foregoing reasons the judgment appealed from is set aside and is recast as follows:
It is hereby ordered that there be judgment in favor of plaintiff, Bank of Coushatta, and against Walon J. Bamburg, Sr., in the sum of Seven Hundred Seventy-two ($772.00) Dollars, together with interest at seven percent per annum from November 5, 1974, until paid, and all costs of these proceedings.