646 So.2d 1222 (1994)
Leland J. CROCHET, Sr.
v.
Clifford PIERRE, et al.
No. 94-CA-543.
Court of Appeal of Louisiana, Fifth Circuit.
November 29, 1994.
Writ Denied February 9, 1995.
*1223 Robert I. Siegel, Paula M. Wellons, New Orleans, for defendant/appellee.
Patricia P. Reeves, C. Berwick Duval, II, Houma, for plaintiff/appellant.
Before DUFRESNE, WICKER and CANNELLA, JJ.
WICKER, Judge.
The issue in this case is whether a claim that was settled by the parties and dismissed with prejudice can be reinstated on the basis of an oral agreement between the parties that was not reflected either in the settlement papers or in the motion and order dismissing that claim from the lawsuit. We conclude the claim cannot be reinstated and we affirm the judgment of the trial court.
The plaintiff, Leland Crochet, was injured in an automobile accident on April 12, 1986 while driving an automobile owned by his employer, Cournoyer Oldsmobile. Crochet filed suit against the driver of the other car, who was an uninsured motorist, and also against Cournoyer's uninsured motorist insurance carrier (National Union Fire Insurance Company of Pittsburgh, Pennsylvania) as well as against his own UM insurer (Allstate Insurance Company). The declaration page of the National Union policy reflected that Cournoyer's liability limits were $500,000 and its UM limits were $20,000, although National Union could not produce a written waiver of higher UM coverage or a signed selection of lower UM limits, as required by La. R.S. 22:1406.
On January 2, 1990 the plaintiff settled with and released National Union for $20,000 on the UM claim. Although plaintiff's counsel made a verbal reservation of rights to pursue the UM claim further if the written waiver/selection could not be found and the UM limits were written up to the liability limits, there was nothing in the release regarding such a reservation of rights against National Union or Cournoyer. On February 23, 1989 the trial court granted the plaintiff's partial motion to dismiss and ordered that "the petition filed on March 6, 1989, against National Union Fire Insurance Company and Cournoyer Oldsmobile, by plaintiff, Leland J. Crochet, Sr., be and is hereby dismissed, with prejudice, reserving his rights against the other named defendants, in this lawsuit."
On February 24, 1992, National Union's codefendant Allstate moved to reform National Union's insurance policy to make the UM coverage equal to the liability limits. That motion was granted, so that National Union's UM coverage became $500,000 rather than $20,000.
On June 2, 1993 the plaintiff filed a supplemental and amending petition to reinstate National Union as a defendant. National Union filed a peremptory exception of res judicata with an alternative motion for summary judgment, on the basis that the plaintiff had executed a clear and unambiguous receipt and release and that the defendant had been dismissed with prejudice from the litigation. On February 23, 1993 the trial court granted summary judgment and dismissed with prejudice "all of plaintiff's claims and petitions" against National Union. The plaintiff has appealed.
All of the documents and pleadings executed by the plaintiff and National Union confirm that in exchange for payment of $20,000, the plaintiff settled all claims against National Union with prejudice and without qualification. The settlement was evidenced by a Receipt, Release and Indemnity Agreement, a copy of which follows:

*1224 RECEIPT, RELEASE AND INDEMNITY AGREEMENT

STATE OF LOUISIANA

PARISH OF TERREBONNE
BEFORE ME, the undersigned Notary Public and, in the presence of the subscribing witnesses there personally appeared, Leland J. Crochet, Sr., a resident of the Parish of Terrebonne, State of Louisiana, who being duly sworn declared that:
He does hereby acknowledge receipt of the sum of TWENTY THOUSAND AND 00/100 ($20,000.00) DOLLARS, cash-in-hand, paid to him by National Union Fire Insurance Company and Cournoyer Oldsmobile, for any and all damages, losses, expenses, claimed by him in Suit No. 343-380 on the Docket of the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana, said suit entitled, "Leland J. Crochet, Sr. vs. Clifford Pierre, et al".
In consideration of the aforesaid payment of $20,000.00 appearer does hereby forever release, acquit and discharge said National Union Fire Insurance Company and Cournoyer Oldsmobile, their employees, persons, firms, corporations or partnerships whatsoever, of and from any and all past, present and/or future claims, actions, demands, rights, damages, causes of action and rights of action whatsoever, known and unknown, anticipated and unanticipated, to which he may be or become entitled, in any way resulting from or to result from the incident which occurred on or about the 12th day of April, 1986, and/or in any way resulting from or to result from any and all past, present and/or future losses, damages, expenses, costs, property damage, and consequences of the foregoing, and any and all damages, losses, expenses, etc. of whatsoever kind or character which may have been and/or which might in the future be sustained by him in any way resulting from and/or to result from the aforesaid incident, wherein plaintiff alleges he was involved in a vehicular collision while operating a vehicle owned by Cournoyer Oldsmobile.
Appearer declares that the sum paid to him of $20,000.00, upon the signing of this Receipt and Release is received in full, final and complete compromise settlement of any and all claims herein as recited. It is understood that such payment of $20,000.00 made by National Union Fire Insurance Company and Cournoyer Oldsmobile, puts an end to this matter.
Plaintiff acknowledges that the entire matter has been fully explained to him by his counsel, and that he fully understands same and freely and voluntarily signs this Receipt and Release, without coercion or persuasion of any kind, thus putting an end to this matter forever.
Plaintiff, Leland J. Crochet, Sr., further understands and agrees that this is a full, final and complete release by him as plaintiff and National Union Fire Insurance Company and Cournoyer Oldsmobile.
This Release covers not only the lawsuit herein described but any and all other matters (in or out of Court), foreseen or not foreseen, related hereto for any and all times as it pertains to National Union Fire Insurance Company and Cournoyer Oldsmobile only.
THUS, signed in duplicate originals on the 2nd day of January, 1990, in the presence of the undersigned competent witnesses, who have hereunder signed their names as such with the appearer and me, said Notary.
 /s/ Leland J. Crochet, Sr.
 LELAND J. CROCHET, SR.
WITNESSES:
[signature]
[signature]
 /s/ Kenneth Givens
 NOTARY PUBLIC
In addition, plaintiff's counsel signed a receipt which stated,
RECEIVED OF, RAYMOND S. MAHER, JR., Attorney for National Union Fire Insurance Company and Cournoyer Oldsmobile our draft number 00031863 in the amount of TWENTY THOUSAND AND NO/100 ($20,000.00) DOLLARS, in full and final payment of the attached release of National Union Fire Insurance Company and Cournoyer Oldsmobile.
*1225 On appeal, the plaintiff contends there is a question of material fact as to whether the release between the parties fails for lack of cause, because "the written language of the release is total, but the substantiated understanding between the parties called for a partial release of a portion of the dispute, and with conditions." He relies on the deposition testimony of Raymond Maher, who represented National Union at the time of the settlement.
In his deposition Maher stated, "My recollection was that we were settling for twenty with the understanding if the evidence was produced there was an invalid waiver or there was no waiver that the plaintiff wouldcould reopen the settlement." Maher also identified a letter to him from plaintiff's former counsel, Kenneth Givens, in which Givens stated,
At the present time I am satisfied that your UM limits are $20,000.00, but wish to be notified immediately if the policy [sic] are in fact higher. I am settling this claim against National Union Fire Insurance Company with the understanding that the limits of uninsured motorist coverage are in fact $20,000.00, and would release National Union Fire Insurance Company for the limits of UM coverage at $20,000.00.
Asked what arrangement he had with Givens to reopen the matter in the event there was an invalid waiver, Maher said, "I don't know if we had any, to be honest."
The plaintiff contends this evidence establishes genuine issues of material fact as to the parties' intentions to reserve the plaintiff's rights and, thus, as to whether there was a failure of cause underlying the agreement.
"When the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent." La.Civ.Code art. 2046; Leenerts Farms, Inc. v. Rogers, 421 So.2d 216, 218 (La.1982); Watkins v. Johns-Manville Corp., 458 So.2d 212, 215 (La.App. 5th Cir.1984). Testimonial or other evidence may not be admitted to negate or vary the contents of an act under private signature, although evidence may be admitted in the interest of justice to prove such circumstances as a vice of consent. La. Civ.Code art. 1848. However, contemporaneous oral agreements or understandings between the parties which are not made part of the written contract do not qualify as an exception to the parol evidence rule. First Nat. Bank v. Campo, 537 So.2d 268, 271 (La.App. 4th Cir.1988), writ denied, 538 So.2d 578.
The language of the release in this case is broad and unambiguous and leaves little to be misunderstood. The release itself was signed both by Crochet and by Givens, the attorney who then represented him, verifying that Givens had explained the legal implications of the document to Crochet and that Crochet understood the effect of the document. The release also specifically states that by signing it, the appellant was forfeiting all his rights to make further claims against National Union arising out of this accident, "putting an end to this matter forever." The plaintiff's failure to incorporate any separate contemporaneous oral understanding into the release agreement or into his motion for partial dismissal precludes his asserting any claims based thereupon. Accordingly, summary judgment was proper.
For the foregoing reasons, the judgment is affirmed.
AFFIRMED.