707 So.2d 86 (1998)
PERFECTION METAL & SUPPLY CO.
v.
INDEPENDENT SUPPLY OF N.O. INC., and Carey C. Celestin.
No. 97-CA-800.
Court of Appeal of Louisiana, Fifth Circuit.
January 14, 1998.
*87 Christoffer C. Friend, Curry & Friend, New Orleans, for Plaintiff/Appellee Perfection Metal & Supply Co.
Wayne M. Babovich, Bradley J. Chauvin, M. Brent Hicks, The Law Offices of Babovich and Spedale, Metairie, for Defendant/Appellant Carey C. Celestin and Defendant/Appellee, Independant Supply of N.O., Inc.
Before BOWES, DUFRESNE and CANNELLA, JJ.
BOWES, Judge.
Defendant, Carey Celestine, appeals from a decision of the trial court granting summary judgment in favor of plaintiff, Perfection Metal & Supply Co. and against Mr. Celestine, personally, in the amount of $37,574.88, plus legal interest, reasonable attorney's fees and costs. For the reasons which follow, we affirm the decision of the trial court.

PROCEDURAL HISTORY
On July 24, 1996, Perfection Metal & Supply ("Perfection") instituted this suit by the filing of a petition on open account and/or for damages against Independent Supply of New Orleans, Inc. ("Independent") and Carey C. Celestine ("Celestine"). In the petition it is alleged that Perfection sold to Independent supplies on open account and that Independent failed to pay for those supplies. It is further alleged that Celestine executed a guaranty agreement in which he unconditionally agreed to pay the open account balance of Independent.
Both defendants answered and filed a reconventional demand for breach of contract and violation of the Louisiana Unfair Trade Practices and Consumer Protection Law.
*88 The answer contained general denials and no affirmative defenses were pled.
On September 26, 1996, plaintiff filed a motion for summary judgment against both Independent and Celestine. At the hearing on November 15, 1996, Celestine argued that there were issues of material fact remaining because the guaranty agreement had been orally modified subsequent to its execution. The trial court partially granted the motion for summary judgment and rendered judgment against Independent in the amount of $37,574.88, plus legal interest, reasonable attorney's fees and costs. The trial court denied the motion as to defendant Celestine. The court further reserved all rights of Independent and Celestine to pursue their reconventional demand against plaintiff.
On April 27, 1997, plaintiff again urged the motion for summary judgment against Celestine. At the hearing, Celestine alleged that there were genuine issues of fact as to whether there was mutual mistake between the parties in confecting the contract. Perfection objected to the introduction of any evidence concerning mistake, alleging that mistake was an affirmative defense which had not been raised by Celestine. The trial court granted the motion and rendered judgment against Celestine in the amount of $37,574.88, plus legal interest, reasonable attorney's fees and costs. The court again reserved defendant's right to pursue the reconventional demand.
Celestine now appeals from the judgment rendered against him individually. In this appeal he alleges that the trial court erred in granting summary judgment, as there were still material issues of fact as to whether there was a mutual mistake between the parties concerning the coverage of the guaranty agreement.

ANALYSIS
A motion for summary judgment is properly granted only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(B).
La. C.C.P. art. 966 was amended by the Louisiana legislature in 1996 and again in 1997. These amendments were discussed by this Court in the recent case of Tonubee v. River Parishes Guide, et al., 97-440 (La.App. 5 Cir. 10/28/97), 702 So.2d 971:
LSA-C.C.P. art. 966 providing for summary judgment was amended by Act No. 9 of the First Extraordinary Session of 1996. The amended version of LSA-C.C.P. art. 966 now proclaims that the summary judgment procedure is favored and shall be construed to accomplish the ends of just, speedy, and inexpensive determination of allowable actions. Orillion v. Alton Ochsner Medical Foundation, 97-115 (La.App. 5 Cir. 5/28/97), 695 So.2d 1063. That amendment is procedural in nature and is therefore, subject to retroactive application. Rowley v. Loupe, 96-918 (La.App. 5 Cir. 4/9/97), 694 So.2d 1006.
However, even though legislative intent is to favor summary judgments, the amended version of LSA-C.C.P. art. 966 does not change the law regarding the burden of proof in a summary proceeding. Short v. Giffin, 96-0361 (La.App. 4 Cir. 8/21/96), 682 So.2d 249, writ denied, 96-3063 (La. 3/7/97), 689 So.2d 1372. Under the amended version of LSA-C.C.P. art. 966, the burden of proof remains on the mover to show `that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law". Once the mover has made a prima facie showing that the motion should be granted, the burden shifts to the adverse party to present evidence demonstrating that material fact issues remain. Once the motion for summary judgment has been properly supported by the moving party, the failure of the adverse party to produce evidence of a material factual dispute mandates the granting of the motion. Hayes v. Autin, 96-287 (La.App. 3 Cir. 12/26/96), 685 So.2d 691, writ denied, 97-0281 (La. 3/14/97), 690 So.2d 41.
LSA-C.C.P. art. 966 was again amended by Act NO. 483 of the Regular Session of 1997. Like the 1996 amendment, this latest revision recognizes that there are circumstances when the issue before the *89 court on the motion for summary judgment is not one on which the mover would have the burden of proof at trial, and it clarified the mover's and the adverse party's burdens of proof in that situation. Consequently, we interpret the 1997 amendment to be procedural in nature and subject to retroactive application.

Specifically, the 1997 amendment provides that the burden of proof on summary judgment remains with the mover. However, if the mover will not bear the burden of proof at trial, he only need point out to the court that there is an absence of factual support for one or more of the elements essential to the adverse party's claim. Once the mover establishes that there is no factual support for an essential element of the adverse party's claim, the burden shifts to the adverse party to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial. If he fails to do so, the mover is entitled to summary judgment.
[Emphasis supplied].
Id. at 974.
Celestine was found to be liable to plaintiff under a Continuing Guaranty executed by him on April 16, 1996. That guaranty provided:
In consideration of the request of the undersigned that Perfection Metal & Supply Company extend credit on open account to Independent Supply of New Orleans, 1119 Central Ave. Bldg. 2 Metairie La 70  and in consideration of One Dollar ($1.00) the receipt whereof is hereby acknowledged, the undersigned hereby unconditionally guarantees to payee hereof, its successors and assigns that the open account balance and any other amounts due to Perfection Metal & Supply Company shall be promptly paid in full when due, and in case of extension of time or payment in whole or in part, all of said sums shall be promptly paid when due, according to such extension or extensions, and the undersigned hereby consents that from time to time and without notice to the undersigned, payment of any sums may be extended in whole or in part by indulgence hereof, by note or renewal note, or otherwise, and also that any of the acts mentioned in note(s) may be done, all without release or liability on the part of the undersigned, and the undersigned hereby waives all presentation, demand, protest and notice on nonpayment, and does hereby agree to all of the provisions of the open account, including, but not limited to, agreement to pay all costs of collecting or securing or attempting to collect or secure same, including reasonable attorney's fees. The undersigned further agrees that each and every term, condition and provision of the open account shall become a part of this obligation as if fully set out herein, and shall be obligated upon the undersigned as if the said open account were the direct obligation of the undersigned, for a period of one year only.
We find that it is clear from the four corners of this document that Celestine is personally liable for the debts of Independent Supply Company.
Celestine argues that he entered into the contract with the mistaken belief that his liability would be limited to a particular amount of $10,000.00, or that the parties had agreed prior to or contemporaneously with the execution of the contract, that his liability would be limited. At the hearing on the motion for summary judgment, he attempted to argue that this prior agreement and/or this mistake of fact was sufficient to create an issue of material fact to preclude summary judgment. Plaintiff objected to this argument and argued that mistake was an affirmative defense which must be specifically pled; because Celestine had failed to plead this defense in his answer, he was precluded from introducing evidence of this issue at the hearing, and would be precluded at trial.
Thus, because parole evidence was not admissible in this case, the agreement at issue was to be interpreted within its four corners, as a matter of law. This interpretation showed that Celestine was liable for the debt of the corporation and the trial court did not err in granting summary judgment to that effect.
*90 It is well established that "when the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties intent." La.C.C. art. 2046; Crochet v. Pierre, 94-543 (La.App. 5 Cir. 11/29/94), 646 So.2d 1222, 1225, writ denied, 95-0004 (La. 2/9/95), 649 So.2d 429. Testimonial or other evidence may not be admitted to negate or vary the contents of an act under private signature, although evidence may be admissible in the interest of justice to prove vices of content or subsequent oral modifications of a contract. La. C.C. art. 1848, Crochet v. Pierre, supra. However, contemporaneous oral agreements or understandings between the parties which are not made part of the written contract do not qualify as an exception to the parole evidence rule. Crochet v. Pierre, supra.
Therefore, it is clear that Celestine may not introduce parole evidence to show that the parties agreed, either prior to, or contemporaneously with, the execution of the guaranty agreement, that his liability would be limited to $10,000.00.
Concerning Celestine's allegation that there was error or mistake in his consent to the contract, we hold that Celestine waived his right to raise this defense by his failure to plead same in his answer.
The defense of error is an affirmative defense that must be specifically pleaded in a defendant's answer. Sonnier v. Boudreaux, 95-2127 (La.App. 1 Cir. 5/10/96), 673 So.2d 713; Garlepied Transfer, Inc. v. Guaranty Bank and Trust Co., 94-549 (La.App. 5 Cir. 5/30/95), 656 So.2d 728, writ denied, 95-1638 (La. 10/6/95), 661 So.2d 470; Bank of Coushatta v. Evans, 313 So.2d 644 (La.App. 2 Cir.1975).
The purpose of La. C.C.P. art. 1005 is to prevent surprise by giving the plaintiff fair notice of the nature of the defense, thereby preventing interjection of unexpected issues. Bank of Coushatta, supra.
La. C.C.P. art. 1005 has been liberally construed by the courts. Bank of Coushatta, supra. However, where defendant pleads only a general denial, and fails to plead an affirmative defense in his answer, no proof can be offered in support of that defense. Pendleton v. Smith, 95-1805 (La.App. 4 Cir. 5/8/96), 674 So.2d 434, writ denied, 96-1425 (La. 9/13/96), 679 So.2d 107; Touro Infirmary v. Marine Medical Unit, Inc., 96-2506 (La.App. 4 Cir. 5/21/97), 699 So.2d 90; Bank of Coushatta, supra.
In this case, Celestine failed to plead the affirmative defense of mistake in his answer, and raised the issue for the first time in his opposition to the second urging of the motion for summary judgment which he filed on the date of the hearing of that motion. Plaintiff objected to defendant's raising of that defense, and the trial court properly refused to consider that defense. Hogan v. State Farm Auto. Ins. Co., 607 So.2d 747 (La.App. 1 Cir.1992). See also Miramon v. Woods, 25,850 (La.App. 2 Cir 6/22/94), 639 So.2d 353; Davis v. Kreutzer, 93-1498 (La. App. 4 Cir. 2/25/94), 633 So.2d 796, writ denied, 94-0733 (La. 5/6/94), 637 So.2d 1050.
With no consideration given to the defense of mistake, there was no material issue of fact remaining; and the trial court found that Celestine was liable under the terms of the contract (guaranty agreement) as a matter of law. We find no error in this ruling.

CONCLUSION
For the above discussed reasons, the judgment of the trial court is affirmed. All costs are assessed against appellant, Carey Celestine.
AFFIRMED.