815 So.2d 988 (2002)
Lynn BOUTIN
v.
George RODRIGUE.
No. 01-1235.
Court of Appeal of Louisiana, Third Circuit.
February 6, 2002.
Writ Denied May 3, 2002.
Peter J. Losavio Jr., Ronald J. Savoie, Losavio Law Firm Baton Rouge, LA, Counsel for Plaintiff/Appellant: Lynn Boutin.
Kyle Schonekas, Maria Garcia Marks, Joelle Lee Flannigan, Schonekas, Winsberg, Evans & McGoey, L.L.C., New Orleans, LA, Counsel for Defendant/Appellee: George Rodrigue.
Court composed of Chief Judge NED E. DOUCET, JR., HENRY L. YELVERTON, and JIMMIE C. PETERS, Judges.
PETERS, J.
The plaintiff, Lynn Boutin, appeals the trial court's grant of a summary judgment in favor of the defendant, George Rodrigue, dismissing his suit against Rodrigue. For the following reasons, we reverse the judgment and remand this matter to the trial court for further proceedings.
Boutin filed his suit against Rodrigue seeking to recover $21,000.00, which, according to Boutin, represents the balance due on a contract entered into by Rodrigue and him wherein Rodrigue agreed to purchase Boutin's stock in RBL Enterprises, Inc. (RBL Enterprises), a Louisiana corporation. In his motion for summary judgment, Rodrigue asserts that the corporation, not he, purchased Boutin's stock. The trial court agreed and dismissed Boutin's suit.
This court reviews summary judgments de novo under the same criteria *989 that govern the trial court's consideration of whether summary judgment is appropriate in the case at issue. Cormier v. Albear, 99-1206 (La.App. 3 Cir. 2/2/00), 758 So.2d 250. The Louisiana Supreme Court recently addressed the conditions under which a summary judgment should be granted in Babin v. Winn-Dixie La., Inc., 00-0078, pp. 3-4 (La.6/30/00), 764 So.2d 37, 39-40.
A motion for summary judgment will be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law." La.Code Civ. P. art. 966(B). This article was amended in 1996 to provide that "summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action ... The procedure is favored and shall be construed to accomplish these ends." La.Code Civ. P. art. 966(A)(2). In 1997, the legislature enacted La.Code Civ. P. art. 966(C)(2), which further clarified the burden of proof in summary judgment proceedings, providing:
The burden of proof remains with the movant. However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact.
This amendment, which closely parallels the language of Celotex Corp. v. Catrett, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986), first places the burden of producing evidence at the hearing on the motion for summary judgment on the mover (normally the defendant), who can ordinarily meet that burden by submitting affidavits or by pointing out the lack of factual support for an essential element in the opponent's case. At that point, the party who bears the burden of persuasion at trial (usually the plaintiff) must come forth with evidence (affidavits or discovery responses) which demonstrates he or she will be able to meet the burden at trial. See MARAIST AND LEMMON, LOUISIANA CIVIL LAW TREATISE: CIVIL PROCEDURE, § 6.8 (1999). Once the motion for summary judgment has been properly supported by the moving party, the failure of the non-moving party to produce evidence of a material factual dispute mandates the granting of the motion. Hardy v. Bowie, 98-2821 (La.9/8/99), 744 So.2d 606; Hayes v. Autin, 96-287 (La.App. 3d Cir.12/26/96), 685 So.2d 691, writ denied, 97-0281 (La.3/14/97), 690 So.2d 41.
In the case sub judice, the initial burden was on Rodrigue to establish the lack of factual support for an essential element of Boutin's case.
There is little dispute concerning the facts giving rise to the execution of the contract at issue. In 1996, Boutin and Rodrigue joined with Scott Louck to form RBL Enterprises through which they operated Café Tee George in Lafayette, Louisiana. Although the corporation never issued stock certificates, the three men divided the corporate ownership as follows: Rodrigue, sixty percent; Boutin, twenty-five percent; and Louck, fifteen *990 percent. Rodrigue served as president of the corporation, Boutin as vice-president, and Louck as secretary. Additionally, Boutin initially functioned as the restaurant manager. Although the three men incorporated for the purpose of operating the restaurant, they did not adhere to the requisite formalities of operating a corporate business.
Sometime in late October or early November of 1997, Bradford Cohen, the corporation's accountant, notified Boutin that the decision had been made to replace him as manager of the restaurant, although the record is unclear concerning who made the decision or under what conditions it was made. Concerned with the fact that he still had no documentary evidence of his ownership interest in RBL Enterprises, Boutin began to press Cohen to issue stock certificates. His efforts in this regard resulted in a meeting on December 22, 1997, wherein the contract in dispute was perfected.
On December 22, Boutin met with Rodrigue and Cohen in Cohen's office and discussed the issue of Boutin's ownership in the corporation. While the particulars of this discussion are in dispute, the litigants do agree that the meeting resulted in the hand-written agreement at issue. That agreement is reproduced as follows:
RBL Inc Purchase of Stock from Lynn Boutin.
Purchase of shares from Lynn Boutin
Representing 25% of RBL Enterprises, Inc.
Down payment7500 Down
Monthly Pmts 3000 for eight months starting Feb 1, 1998.
Payments will be guaranteed by the corporation (RBL Enterprises, Inc.)
Boutin and Rodrigue acknowledge that the two illegible signatures that follow this language are their signatures.
Contemporaneous with the contract execution, Rodrigue gave Boutin a $2,500.00 check drawn on the checking account of Café Tee George. Thereafter, Rodrigue paid Boutin $5,000.00 by a check dated April 3, 1998, and $3,000.00 by a check dated June 1, 1998. Both of these checks were drawn on the checking account of Rodrigue Studios, LLC, a limited partnership solely owned by Rodrigue and his wife.
This court, in Soloco, Inc. v. Dupree, 99-1476, 99-1477, p. 4 (La.App. 3 Cir. 2/9/00), 758 So.2d 851, 854-55, stated the following concerning interpretation of contracts:
Contracts have the force of law between the parties, and the courts are bound to interpret them according to the common intent of the parties. La.Civ.Code art. 1983; La.Civ.Code art.2045. If the words of the contract are clear, unambiguous, and lead to no absurd consequences, the court need not look beyond the contract language to determine the true intent of the parties. La.Civ.Code art.2046. However, when the language of a contract is ambiguous, it is interpreted against the party who provided the contract. La. Civ.Code art.2056; Brignac v. Brignac, 96-1702 (La.App. 3 Cir. 6/18/97); 698 So.2d 953, writ denied, 97-2584 (La.1/16/98); 706 So.2d 976.
Whether or not a contract is ambiguous is a question of law. Sanders v. Ashland Oil, Inc., 96-1751 (La.App. 1 Cir. 6/20/97), 696 So.2d 1031, writ denied, 97-1911 (La.10/31/97), 703 So.2d 29.
The trial court found that there existed no issue of material fact and that the contract was "between solely the corporation and Mr. Boutin." Thus, the trial court found as a matter of law that the *991 contract was clear and unambiguous. We find that the trial court erred in this regard. We find that the contract does not clearly designate the parties. The language of the contract suggests that a party other than the corporation is the obligor. In fact, the terms of the contract provide that payment of the obligation would be guaranteed by the corporation. Furthermore, the contract does not provide evidence of corporate authorization for Rodrigue to bind the corporation to the stock repurchase.
Because the contract is ambiguous, it follows that there are issues of material fact to be resolved by the trier of fact at a trial on the merits. Even if we were to agree that the contract is unambiguous, there would exist issues of material fact. Generally, parole evidence is not admissible to modify, vary, explain, or contradict the terms of a written agreement. Teche Realty & Inv. Co. v. Morrow, 95-1473 (La.App. 3 Cir. 4/17/96), 673 So.2d 1145. However, La.Civ.Code art. 1848 provides that "[t]estimonal or other evidence ... may be admitted to prove ... that the written act was modified by a subsequent and valid oral agreement." The lack of corporate authority to enter into the contract and Rodrigue's subsequent actions in paying Boutin from his personal funds rather than from the corporation's funds present genuine issues of fact which require rejection of Rodrigue's motion for summary judgment. Thus, we find that the trial court erred in granting the summary judgment.

DISPOSITION
For the foregoing reasons, we reverse the trial court's judgment dismissing Lynn Boutin's suit against George Rodrigue and remand this matter to the trial court for further proceedings. We tax all costs of this appeal to George Rodrigue.
REVERSED AND REMANDED.