832 So.2d 355 (2002)
John M. BERNARD and Sonia Motlagh Bernard
v.
IBERIA BANK.
No. 2001-CA-2234.
Court of Appeal of Louisiana, Fourth Circuit.
October 30, 2002.
*356 Martin L. Broussard, Jr., Kevin K. Gipson, Broussard & Associates, New Orleans, LA, Counsel for Plaintiffs/Appellants.
Craig A. Ryan, Onebane Law Firm, Lafayette, LA, Counsel for Defendant/Appellee.
(Court composed of Judge STEVEN R. PLOTKIN, Judge MIRIAM G. WALTZER, Judge PATRICIA RIVET MURRAY).
PATRICIA RIVET MURRAY, Judge.
The plaintiffs, John and Sonia Bernard, appeal the trial court's granting of a motion for summary judgment in favor of the defendant, IBERIABANK. For the reasons that follow, we affirm.
The issue raised by the motion for summary judgment was whether the defendant's predecessor, Jefferson Savings and Loan, had forgiven a portion of the principal due on a promissory note executed by the plaintiffs in 1984.
In November of 1984, the plaintiffs obtained a loan from Jefferson Savings and Loan to purchase a condominium unit on Greenspoint Drive in New Orleans, Louisiana. The principal amount of the loan was $47,600.00, with the terms providing for 180 payments of $610.11 at an interest rate of 13.25 per cent. In late 1990, the plaintiffs sent Jefferson Savings and Loan a "Request for Indulgence in Interest Rate Collected on Mortgage Loan." Jefferson Savings and Loan agreed to reduce the interest rate to 7.0 per cent. The plaintiffs further requested an additional reduction in their monthly payments. On October 31, 1990, Jefferson Savings and Loan agreed to a reduction in the monthly payments to $400.00 per month, effective August of 1990. The plaintiffs made payments every month in the amount of $400.00 until the expiration of the term of the original mortgage, i.e. December 19, 1999. During this period, Jefferson Savings and Loan was merged into IBERIABANK. Upon payment of the last monthly payment, the plaintiffs requested that IBERIABANK execute a cancellation of the mortgage. The bank refused to cancel the mortgage, informing the plaintiffs that there was an unpaid balance of $12,029.12.
The plaintiffs filed a petition for declaratory judgment seeking to have their loan declared as satisfied in full and to have the court order IBERIABANK to cancel the mortgage on the property. The defendant answered the petition and filed a reconventional demand, alleging that plaintiffs still owed on the balance and demanding that IBERIABANK's mortgage be recognized. The plaintiffs answered, contending that the original loan had been forgiven and a new loan agreement created when the bank's predecessor had agreed to the monthly payments of $400.00. IBERIBANK then filed its motion for summary judgment, alleging that there were no genuine issues of material fact and that it was entitled to a judgment, as a matter of law, that plaintiffs were responsible for the balance due on the original loan. After a hearing on February 23, 2001, the trial court rendered its written judgment on April 20, 2001, granting IBERIABANK a money judgment against the plaintiffs for the balance due on the original promissory note and recognizing the bank's mortgage interest in the property.
On appeal, the plaintiffs argue that the trial court erred in granting the motion for summary judgment, as the defendant did not meet its burden of proving that there *357 were no genuine issues of material fact. The plaintiffs contend that there were genuine issues of material fact concerning the intent of the defendant's predecessor, Jefferson Savings and Loan, to forgive the original loan and create a new loan. The plaintiffs assert that a new credit agreement was created when Jefferson Savings and Loan agreed to accept monthly payments in the amount of $400.00.
La. R.S. 6:1122 requires that credit agreements be in writing. The statute provides that "[a] debtor shall not maintain an action on a credit agreement unless the agreement is in writing, expresses consideration, sets forth the relevant terms and conditions, and is signed by the creditor and the debtor." La. R.S. 6:1123 states:
A. The following actions shall not give rise to a claim that a new credit agreement is created, unless the agreement satisfies the requirements of R.S. 6:1122:
* * * * * *
(3) The agreement of a creditor to take or not to take a certain action, such as entering into a new credit agreement, forbearing from exercising remedies under a prior credit agreement, or extending installments due under a prior credit agreement.
B. A credit agreement shall not be implied form the relationship, fiduciary or otherwise, of the creditor or the debtor.
The plaintiffs argue that the letter by which Jefferson Savings and Loan agreed to the monthly payments of $400 constituted a new credit application. The plaintiffs contend that the letter, on its face, meets two of the requirements: it is in writing and is signed by both the creditor and the debtor. The plaintiffs then suggest that parol evidence can be used to show that there was consideration and to explain the relevant terms and conditions. The plaintiffs specifically note that Jefferson Savings and Loan provided them with a payment book for $400.00 a month and that Jefferson, and later IBERIABANK, accepted the payments.
The plaintiffs' argument fails, however, because the law is clear that parol evidence is not admissible to show a prior or contemporaneous agreement varying the terms of a written contract. La. C.C. article 1848. The meaning and intent of the parties to a written agreement is determined from within the four corners of the document, and its terms cannot be explained or contradicted by extrinsic evidence. Brown v. Drillers, Inc., 93-1019 (La.1/14/94), 630 So.2d 741, 748. A writing cannot qualify as a credit agreement if parol evidence must be received in order to establish that status. The written agreement must be perfect and complete within itself. Fleming Irr. v. Pioneer Bank & Trust, 27,262, p. 5 (La.App. 2 Cir. 8/23/95), 661 So.2d 1035, 1038.
In an analogous case, Whitney Nat. Bank v. Rockwell, 94-3049, p. 13 (La.10/16/95), 661 So.2d 1325, 1332, the Louisiana Supreme Court held:
The alleged oral agreement by the Bank to require interest-only payments for a period of time and then to amortize the payments over a period of years was clearly an agreement to forbear repayment and to make financial accommodations that constituted a credit agreement under the statute which could not be enforced in an action or reconventional demand for damages unless the agreement was in writing.
The alleged acceptance by the Bank of interest payments for three years was simply the forbearing from exercising remedies under the prior credit agreement, an action which under La.Rev.

*358 Stat. 6:1123 A(3) did not give rise to a claim that a new credit agreement was thereby created.
In the present case, the document upon which the plaintiffs rely is insufficient to establish the existence of a new credit agreement. Although the letter is in writing and is signed by both the debtor and creditor, it does not recite the consideration or the relevant terms of the alleged new credit agreement. At best, the letter represents the granting of an indulgence by Jefferson Savings and Loan and the bank's willingness to make financial accommodations under the original credit agreement.
As the plaintiffs were unable to meet their burden of proof at the hearing on the motion for summary judgment and would be unable to meet their burden of proof at trial, the trial court did not err in granting the defendant's motion. The defendant produced the documentation concerning the original promissory note and mortgage, as well as the payments made by the plaintiffs. The documentation supports the defendant's argument that a balance was still due under the original promissory note.
Accordingly, the trial court's judgment is affirmed.
AFFIRMED.
PLOTKIN, J., concurs in part, dissents in part with reasons.
PLOTKIN, J., Concurs in Part, Dissents in Part with Reasons.
For the reasons stated below, I concur with the majority to the extent that the petition for declaratory judgment, filed by John and Sonia Bernard ("Bernards") was properly dismissed on summary judgment. I respectfully dissent, however, from the holding of the majority affirming summary judgment in favor of Iberiabank on its reconventional demand whereby that holding was based on the proposition that a request for reduction in monthly payments was invalid pursuant to Title 9, sections 1122 and 1123 of the Louisiana Revised Statutes.
As recounted, in part, by the majority, this case involves the validity of an agreement to forbear the exercise of remedies under a prior credit agreement between the Bernards and Jefferson Savings and Loan ("Jefferson"), whose successor-in-interest is Iberiabank. The agreement is evidenced by two documents. The first document is a letter, dated October 25, 1990, ("the October document") wherein the Bernards requested Jefferson to "reconsidere [sic] your decision and adjuste [sic] our monthly notes to at least, at least [sic] $400.00 a month." On that letter, Jefferson, in a handwritten note dated October 31, 1990, and signed by the representative, stated: "OK, board, $400 per month." The second document, dated November 6, 1990, ("the November document") purported to reduce the interest rate to 7.00% (not mentioning the original rate 0-13.25%). The November document also contained this additional language: "I/we understand and agree that our granting of this request will not operate as a novation of my/our existing obligation, nor will it in any manner modify or change my/our present contract or mortgage."
The summary judgment filed by Iberiabank seeks a money judgment and recognition of its mortgage, thereby seeking a dismissal of plaintiff's petition for declaratory judgment and a judgment as a matter of law on its own demand. The trial court granted Iberiabank's motion. The majority affirms, reasoning that subsequent agreement to forbear the exercise of remedies under the prior agreement, though written and signed by both parties, did not *359 properly recite terms or consideration and was invalid under sections 6:1122 and 1123.
I concur with the majority opinion as it relates to the trial court's disposition of the Bernards' petition for declaratory judgment. Sections 6:1122 and 1123 clearly require that, in order for a debtor to maintain an action on the forbearance of exercising remedies under a prior credit agreement, the agreement (1) must be in writing; (2) must express consideration; (3) must set forth relevant terms and conditions; and (4) must be signed by the creditor and debtor. La. R.S. 6:1122 & 1123. Although the agreement is evidenced by two documents that are both signed by both parties, neither document expresses consideration nor spells out the terms and conditions. Therefore, the trial court was correct in dismissing plaintiff's petition for declaratory judgment.
I dissent with the majority opinion as it relates to the trial court's disposition of Iberiabank's reconventional demand. The requirements of sections 6:1122 and 1123 do not apply to this claim and the language of the two documents evidencing the agreement are ambiguous and therefore create genuine issues of material fact with regard to the intent of the parties.
First of all, the requirements of section 6:1122 and 1123 do not apply to the Bernards' defenses to the reconventional demand of Iberiabank. The language of sections 6:1122 and 1123 apply only to actions on a credit agreement by a debtor: they do not apply to a defense to a claim asserted by a creditor. La. R.S. 6:1122 ("A debtor shall not maintain an action on a credit agreement...."); La. R.S. 6:1123 ("The following actions do not give rise to a claim that a new credit agreement is created...."). In addition, the purpose behind the statute supports this contention, as it is concerned with the liability of financial institutions and not with the enforcement of those institution's claims against debtors. See Whitney Nat'l Bank v. Rockwell, 94-3049, p.8 (La.10/16/95), 661 So.2d 1325, 1330 ("The primary purpose of the statute was to establish certainty as to the contractual liability of financial institutions.").
Further, the Louisiana Supreme Court recognized the validity of the proposition that sections 6:1122 and 1123 were limited to debtor's claims on credit agreements and did not apply to a debtor's defense to a creditor's claim on such credit agreements:
As to equitable defenses such as equitable estoppel, waiver, partial performance or bad faith, one court has held that the credit agreement statute only bars a borrower from maintaining an action based on an oral credit agreement, and does not necessarily bar the defenses in a suit by the lender. See Brenowitz v. Central Nat'l Bank, 597 So.2d 340 (Fla. Ct.App.2d Cist.1992), interpreting the Florida statute, which, like the Louisiana statute, was patterned after the Minnesota statute.
Whitney, 94-3049 at p. 10, 661 So.2d at 1331. Therefore, while sections 6:1122 and 1123 bar the Bernard's petition for declaratory judgment, they do not apply to preclude their defense to the reconventional demand of Iberiabank.
As the Bernard's are not bound to the requirements of sections 1122 and 1123 in asserting a defense to Iberiabank's reconventional demand, a review of the documents upon which the forbearance is allegedly based indicates the presence of genuine issues of material fact regarding the intent of the parties. When a contract can be construed from the four corners of the instrument without looking to extrinsic evidence, the question of contractual interpretation is answered as a matter of law, and summary judgment is appropriate.
*360 Peterson v. Schimek, 98-1712, p.5 (La.3/2/99), 729 So.2d 1024, 1029; Brown v. Drillers, Inc., 93-1019, p. ____ (La.1/14/94), 630 So.2d 741, 750. However, when a contract is determined to be ambiguous, an issue of fact exists, and the matter is not ripe for summary judgment. Lankford v. Koch Gateway Pipeline Co., 98-0719, p.3 (La.6/5/98), 713 So.2d 464, 465-66; Total Minatome Corp. v. Union Texas Products Corp, 33,433, p.6 (La.App. 2 Cir. 8/23/00), 766 So.2d 685, 690.
The intentions of the parties cannot be determined by the text of the two documents. On the one hand the October document purports to reduce the Bernard's monthly payments to $400 per month. The November document simply reduces the interest to 7.00%. Notwithstanding these changes, the November document states that these changes are not changes and the agreement: does not constitute a novation.
It is unclear whether the parties intended the monthly payments to be reduced to $400.00 per month, or whether the payments would be reduced to reflect the reduction in interest rate from 13.25% to 7.00%. It is also unclear whether the payment reduction entailed an extension of the original term of the mortgage such that the entire amount of the original loan would be repaid or whether the original term was unchanged and difference was simply forgiven. Finally, it is unclear whether the "no modification of our original agreement" clause contained in the November document serves to render forbearance completely voluntary and unenforceable on the part of Iberiabank, preserving a right by Iberiabank to demand a balloon payment of the balance of the original loan amount at the end of the term, or whether the clause is relevant on to preserve the date of the original agreement for purposes of mortgage priority.
Because these material issues cannot be determined by the text of the agreements, they are not properly determinable on a motion for summary judgment. I therefore dissent from the majority opinion affirming summary judgment as to Iberiabank's reconventional demand.