905 So.2d 1149 (2005)
Succession of Lloyd Larue POPE and Betty Pope
v.
Raed KHALAILEH and Hafsa Mizyed.
No. 2005-CA-0027.
Court of Appeal of Louisiana, Fourth Circuit.
June 1, 2005.
Jeffrey M. Reilly, New Orleans, Counsel for Plaintiff/Appellee.
Edgar N. Quillin, Quillin Law Center, Inc., Arabi, Counsel for Defendant/Appellant.
*1150 Court composed of Chief Judge JOAN BERNARD ARMSTRONG, Judge CHARLES R. JONES and Judge DENNIS R. BAGNERIS Sr.
ARMSTRONG, Chief Judge.
This is an appeal of the trial court's granting of a motion for summary judgment in favor of the plaintiffs, Succession of Lloyd Larue Pope and Betty Pope (hereinafter "appellees"), and against the defendant, Raed Khalaileh (hereinafter "appellant"). For the reasons assigned below, we affirm.
On August 21, 2000, Lloyd Larue Pope entered into an agreement to sell his business, Restaurant Foods, to the appellant and his partner, Hafsa Mizyed. In connection with the sale, Mr. Pope and the appellant signed an authentic act representing the following:[1]
1. That Mr. RAED KHALAILEH AND MS. HAFSA MIZYED, are taking over the business known as RESTAURANT FOODS, located at 2713 Abundance St. New Orleans, La. 70122.
2. That Mr. RAED KHALAILEH AND Ms. HAFSA MIZYED, will be responsible for any debits in this business.
3. That Mr. RAED KHALAILEH AND MS. HAFSA MIZYED, are giving Mr. LARUE POPE, $100,000.00 towards the purchase price of said business.
4. In the event of Mr. LARUE POPE'S sudden death, the whole business, with credits and debits, automatically will be in Mr. RAED KHALAILEH AND MS. HAFSA MYZED'S names.
5. The remaining balance of the $100,00.00 will be given to Ms. BETTY POPE.
It is undisputed that only $10,000.00 of the selling price was ever paid to the appellees by the appellant.[2] Mr. Pope died on March 29, 2002. Demand for payment of the balance owed was made upon the appellant to no avail. On November 18, 2002, a Suit for Breach of Contract of Sale was filed in the 34th Judicial District Court for the Parish of St. Bernard. On September 10, 2003, a First Supplemental and Amending Petition was filed, apparently to set out a prayer for relief that was omitted from the original petition. In the amended petition, the appellees prayed for judgment in the amount of $90,000 plus costs.
On July 15, 2004, the appellees filed a motion for summary judgment. In support of the motion, the appellees relied on the authentic act executed by the parties and the affidavit of Betty Pope attesting to the fact that only $10,000.00 of the $100,000.00 purchase price had been paid by the appellant.
In opposition to the motion for summary judgment, the appellant argued that the contract in question is vague and subject to several interpretations. The appellant further maintained that the contract was modified by subsequent verbal agreements. In connection with this argument, the appellant presented his countervailing affidavit, setting forth his interpretation of the purchase agreement. Therein, he *1151 claims that the purchase price for the sale of the business was $150,000.00 ($100,000.00 towards the business and $50,000.00 towards the business indebtedness). The appellant further asserts in his affidavit that he does not owe a balance on the purchase because he paid the debts of the business, which unexpectedly totaled $150,000.00. After hearing the matter on October 1, 2004, the trial court rendered summary judgment in favor of the appellees. This devolutive appeal followed.
Appellate courts review the granting of summary judgment de novo under the same criteria governing the trial court's consideration of whether summary judgment is appropriate. Reynolds v. Select Properties, Ltd., 93-1480 (La.4/11/94), 634 So.2d 1180, 1182. "Favored in Louisiana, the summary judgment procedure `is designed to secure the just, speedy, and inexpensive determination of every action' and shall be construed to accomplish these ends." King v. Parish National Bank, 04-0337 (La.10/19/04), 885 So.2d 540, 545 (quoting La. C.C.P. art. 966(A)(2)).
Summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and the mover is entitled to judgment as a matter of law." La. C.C.P. art. 966(B); Jones v. Estate of Santiago, 03-1424 (La.4/14/04), 870 So.2d 1002, 1006. The initial burden of proof remains with the mover to show that no genuine issue of material fact exists. If the mover has made a prima facie showing that the motion should be granted, the burden shifts to the non-moving party to present evidence demonstrating that a material factual issue remains. The failure of the non-moving party to produce evidence of a material factual dispute mandates the granting of the motion. La. C.C.P. art. 966 C(2). Hutchinson v. Knights of Columbus, Council No. 574, 03-1533 (La.2/20/04), 866 So.2d 228, 233; Hardy v. Bowie, 98-2821 (La.9/8/99), 744 So.2d 606, 609-610.
On appeal, the appellant assigns three errors on the part of the trial court: 1) the trial court erred when it failed to interpret the contract of purchase of the business as being vague, indefinite and subject to more than one interpretation; 2) the trial court erred when it failed to take into consideration defendant's countervailing affidavit that sets forth enough of a factual situation which should result in a trial on the facts contained therein; 3) the trial court erred in rendering a final judgment without any testimony wherein the contract of purchase was so vague as to preclude any interpretation of the said contract without proceeding to an evidentiary hearing. The appellees counter that all issues raised herein are resolved by the authentic act, and that the language in the authentic act is clear and unambiguous.
La. C.C. art. 1835 provides that "[A]n authentic act constitutes full proof of the agreement it contains, as against the parties, their heirs, and successors by universal or particular title." Moreover, it is well established that "[W]hen the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent." La. C.C. art. 2046. Amend v. McCabe, 95-0316 (La.12/1/95), 664 So.2d 1183, 1187; Hayes v. Eagle, Inc., 03-1575 (La.App. 4 Cir. 5/12/04), 876 So.2d 108, 110-111.
Generally, when a written contract is clear and unambiguous, parol evidence may not be admitted to negate or vary its terms. Boutin v. Rodrigue, 01-1235 (La. App. 3 Cir. 2/6/02), 815 So.2d 988, 990; Badalamenti v. Jefferson Guar. Bank, 99-1371 (La.App. 5 Cir. 4/25/00), 759 So.2d *1152 274, 280; Sonnier v. Boudreaux, 95-2127 (La.App. 1 Cir. 5/10/96), 673 So.2d 713, 718. La. C.C. art. 1848 recognizes an exception: parol evidence may be admitted, in the interest of justice, to prove such circumstances as a vice of consent, or a simulation, or to prove that the written act was modified by a subsequent and valid oral agreement.
A contract is considered ambiguous on the issue of intent when either it lacks a provision bearing on that issue, the terms of a written contract are susceptible to more than one interpretation, there is uncertainty or ambiguity as to its provisions, or the intent of the parties cannot be ascertained from the language employed. The fact that one party may create a dispute about the meaning of a contractual provision does not render the provision ambiguous. Campbell v. Melton, 01-2578 (La.5/14/02), 817 So.2d 69, 76. Whether or not a contract is ambiguous is a question of law. Boutin at 990; Sanders v. Ashland Oil, Inc., 96-1751 (La.App. 1 Cir. 6/20/97), 696 So.2d 1031, 1037.
In the present case, the trial court stated in written reasons for judgment:
... the language of the authentic act is clear and unambiguous and leaves little to be misunderstood. The act was not made in contravention to the law. Defendants failed to show that the contract was produced by error, fraud or duress or that it was modified by the subsequent and valid verbal agreement or that the contract had an unlawful cause.
The trial court further stated:
The authentic act clearly states, "That Mr. Raed Khalaileh and Ms. Hafsa Mizyed, will be responsible for any debits of this business." The defendants' failure to incorporate any separate contemporaneous oral understanding into the agreement precludes their right to assert any claims based thereupon.
Appellant stated in his affidavit that at the time of the purchase of the business he and his partner agreed to pay $50,000.00 of the business indebtedness to the creditors. However, contemporaneous oral agreements or understandings between parties, which are not made part of the written contract, do not qualify as an exception to the parol evidence rule. Bernard v. Iberia Bank, 01-2234 (La.App. 4 Cir. 10/30/03), 832 So.2d 355, 357; First National Bank of Jefferson Parish v. Campo, 537 So.2d 268, 270-271 (La.App. 4 Cir.1988); Crochet v. Pierre, 94-0543 (La. App. 5 Cir. 11/29/05), 646 So.2d 1222, 1225. Therefore, in the present case, the trial court was correct in finding that the appellant's failure to incorporate any separate contemporaneous oral understanding into the authentic act precluded his asserting any claims based thereupon.
Appellant further argues in his brief to this court that parol evidence should be allowed because the contract was modified by a subsequent verbal agreement. However, the appellant does not identify this subsequent verbal agreement. The only subsequent event stated in the appellant's affidavit is that he and Mr. Pope had a conversation wherein the appellant explained to Mr. Pope that he had already paid over $150,000.00 in debts which was more than the purchase price. Clearly, this statement is not evidence that the contract was modified by a subsequent verbal agreement.
After our de novo review of the record, we conclude that the authentic act is unambiguous and clearly sets forth the obligations of the parties, i.e., the purchase price was set at $100,000.00; the buyers were responsible for any debts of the business; and Betty Pope was to be paid any balance due in the event of Larue Pope's death.
*1153 Moreover, there is nothing in the record to suggest that this case falls within one of the recognized exceptions to the parol evidence rule pursuant to La. C.C. art. 1848. There are no allegations of fraud, error, duress or simulation, and there is no evidence shown by the appellant that the authentic act was subsequently modified by oral agreement. Accordingly, summary judgment was properly rendered.
For the foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED.
NOTES
[1] The appellant, Raed Khalaileh, and his partner, Hafsa Mizyed, purchased the business. However, only the appellant signed the authentic act. Both were sued for breach of contract, but Hafsa Mizyed was never served. Summary judgment was rendered solely against the appellant. Hafsa Mizyed is not a party to this appeal.
[2] In his answers to interrogatories, the appellant admitted to paying only $10,000.00 toward the purchase price.