NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

06-0764


DAVID DORSEY, ET AL.

VERSUS

SEWERAGE DISTRICT NO. 1, ET AL.


************

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT,
PARISH OF IBERIA, NO. 106030-B,
HONORABLE PAUL J. deMAHY, DISTRICT JUDGE

************

JIMMIE C. PETERS
JUDGE

************

Court composed of Oswald A. Decuir, Jimmie C. Peters, and Glenn B. Gremillion, Judges.


AFFIRMED.

Porteus R. Burke
Burke & Cestia
Post Office Box 10337
New Iberia, LA  70562
(337) 365-6628
COUNSEL FOR PLAINTIFFS/APPELLANTS:
    David Dorsey
    Christy Dorsey

Alex A. Lopresto, III
Jeansonne & Remondet
Post Office Box 91530
Lafayette, LA  70509

**(337) 237-4370**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Sewerage District No. 1**

**E. Phelps Gay**
**Christovich & Kearney LLP**
**601 Poydras Street**
**Suite 2300**
**Pan Am. Life Center**
**New Orleans, LA  70130**
**(504) 593-4201**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
    **Insituform Technologies, Inc.**
    **Liberty Mutual Fire Insurance Co.**

PETERS, J.

## SUMMARY DISPOSITION

Plaintiffs, David and Christy Dorsey, sued Sewerage District No. 1 of Iberia Parish (hereinafter "Sewerage District") and its contractor, Insituform Technologies, Inc. (hereinafter "Insituform"), as well as the latter's insurer, Liberty Mutual Fire Insurance Company, for damages, alleging that sewage backed up into their home while Insituform was negligently performing a public works project under contract with the Sewerage District. The Sewerage District moved for a summary judgment of dismissal on the ground that Insituform was an independent contractor and not its employee and that consequently the Sewerage District was not vicariously liable for the contractor's negligence.

The Sewerage District filed with its motion for summary judgment the affidavit of its executive director and a copy of the contract. Insituform offered no evidence, and the motion was granted. The plaintiffs appealed. We affirm.

The plaintiffs phrase the issue presented on appeal as follows:

> Did there exist a contract between Sewerage District and Insituform such that the relationship of these defendants was one of principal and independent contractor or did Sewerage District maintain such control over the operation of the contract that Insituform lost the status of independent contractor?

This appellate court reviews summary judgments *de novo*. *Boutin v. Rodrigue*, 01-1235 (La.App. 3 Cir. 2/6/02), 815 So.2d 988, *writ denied*, 02-699 (La. 5/3/02), 815 So.2d 823. Both sides rely on the offerings of the mover for a determination of the issue. Both sides look to the same case, *Hickman v. Southern Pacific Transport Co.*, 262 La. 102, 262 So.2d 385 (1972), as the authority for the elements that distinguish an independent contractor from an employee. The plaintiffs do not

question that summary judgment procedure is an appropriate vehicle for deciding the case.

The affidavit of Joseph M. Gonzales, Sr., executive director of the Sewerage District, stated that the Sewerage District was a political subdivision of the state; that it complied with the Public Bid Law and awarded to Insituform a contract in the amount of $848,582.30 for rehabilitation of its sewer system by videoing, cleaning and lining the existing gravity collection system and manholes; that a written contract was signed; that during the execution of the contract Insituform had complete control and direction of the project; and that at no time did the Sewerage District, its agents or employees have direct control over Insituform, its agents or employees regarding the work performed under the contract. The assertions of this affidavit were not contested except by the argument that the contract itself gave the Sewerage District "such control over the operation of the contract that Insituform lost the status of independent contractor."

Thus, the only contested interpretation of the contract was the element of control. The element of control that distinguishes an employee from an independent contractor focuses on whether the purported employer had the right to control the method and means by which the individual performed the work tasks. *Id.* In applying this test, it is not the supervision and control which is actually exercised that is significant; rather, the important question to be answered is whether, from the nature of the relationship, the right to do so exists. *Id.*

We have carefully examined the extensive contract in this case. We find that it leaves control of the method and means of performing the rehabilitation undertaking up to Insituform. We find it unnecessary to discuss in detail the

2

contractual provisions cited by the plaintiffs as showing an employment relationship. It suffices to simply note that these provisions either allowed the Sewerage District's engineer to insure (1) that the contractor did quality work in conformity with the plans and specifications to obtain the result intended by the contract or (2) that the work was done with minimal interference with the use of public rights-of-way. None of these provisions gave the Sewerage District the right of control and direction over the videoing, cleaning and lining of the collection system and manholes. The only right of control and direction reserved by the Sewerage District in the contract was that necessary to insure the intended result at the least inconvenience to the public.

Our *de novo* review causes us to reach the same conclusion as the trial court. The conclusion is inescapable that Insituform was an independent contractor. Accordingly, the Sewerage District was not liable for the contractor's alleged negligence, and summary judgment dismissing the Sewerage District was proper.

## DISPOSITION

We affirm the trial court's judgment in all respects. We assess all costs of this appeal to the plaintiffs, David Dorsey and Christy Dorsey.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION. Uniform Rules—Courts of Appeal, Rule 2-16.3.

We affirm the judgment below in a summary disposition in accordance with Uniform Rules—Courts of Appeal, Rule 2-16.2(A)(2).

3