720 So.2d 114 (1998)
Ralph D. RIGGS, Jr., Plaintiff-Appellee,
v.
Angela L. LaJAUNIE (Riggs), Defendant-Appellant.
No. 98-304.
Court of Appeal of Louisiana, Third Circuit.
October 7, 1998.
*115 Renee Yvette Roy, Mansura, for Ralph D. Riggs, Jr.
E. Grey Talley, Alexandria, for Angela L. LaJaunie.
Before SAUNDERS, DECUIR and SULLIVAN, JJ.
SAUNDERS, Judge.
While eleven assignments of error are raised by Angela L. LaJaunie, appellant herein, the controlling and dispositive issue on appeal concerns the propriety of the lower court's judgment in favor of appellee's, Ralph D. Riggs, Jr.'s, rule to modify child support judgment. The trial court found the circumstances of the parties so changed as to satisfy the requirements of La.R.S. 9:315. However, in view of a record that fails to establish a change in the financial circumstances of Ralph Riggs, Jr. which would warrant a reduction in child support, we reverse and reinstate the original child support award rendered on April 27, 1995 in its entirety.

I. FACTS AND PROCEDURAL HISTORY
Angela LaJaunie and Ralph Riggs were married on October 7, 1989. A child, Jeffrey A. Riggs, was born April 10, 1990. The parties were divorced May 2, 1994. Prior to the final judgment of divorce, the parties stipulated that Mr. Riggs would pay child support to Ms. LaJaunie in the amount of $863.00 per month. Eleven months after the judgment of divorce, Mr. Riggs filed a rule to decrease child support. The parties entered a second stipulated child support agreement which confirmed that Mr. Riggs would pay $863.00 per month and increased his obligation to include Jeffrey's school and medical expenses. Judge Metoyer signed this consent judgment.
Three months after having the consent judgment signed, Mr. Riggs filed a rule to modify the child support judgmenthis second attempt to reduce his obligation since the judgment of divorce. Mr. Riggs argued that his child support payments should be *116 reduced as the business that he owns and manages, "Daiquiris & Stuff," was less profitable because of competition from the casino that was built one mile from his shop. On July 28, 1997, the matter was heard; Mr. Riggs offered his federal income tax returns from 1995 and 1996 to evidence his changed circumstances. After hearing the evidence, Judge Metoyer ruled in favor of Mr. Riggs and reduced Mr. Riggs' base child support payments to $500.00 per month. The judgment did not substantially alter the educational and medical obligations of Mr. Riggs.

II. SUPPORT MODIFICATION
Ms. LaJaunie argues on appeal that it was manifest error for the trial court to base its finding on the quantum of the plaintiff's gross income based on his income tax returns. La.R.S. 9:315.2(A) provides:
Each party shall provide to the court a verified income statement showing gross income and adjusted gross income, together with documentation of current and past earnings. Suitable documentation of current earnings shall include but not be limited to pay stubs, employer statements, or receipts and expenses if self-employed. The documentation shall include a copy of the parties' most recent Federal Income Tax return. (Emphasis added.)
The record shows that Ms. LaJaunie did not dispute or even challenge the veracity of the 1995 and 1996 federal income tax returns that Mr. Riggs submitted as evidence of his income. Unchallenged and in their nature verified, this court finds that the tax forms presented by Mr. Riggs, along with his testimony, to be sufficient verified proof of his income in accordance with La.R.S. 9:315.2(A).
Ms. LaJaunie also alleges as error the trial court's finding of a change in circumstance so as to warrant the support reduction. In order for a trial court to reduce or increase a consent judgment of child support, La.R.S. 9:315(A) requires a movant seeking the reduction "to [show] a change in circumstances of one of the parties between the time of the previous award and the time of the motion for modification of the award." An amount stipulated to in a consent judgment is a judicial admission that the recipient is entitled to that amount. Vesper v. Vesper, 469 So.2d 458 (La.App. 3 Cir.1985). A party seeking modification of a consent judgment bears the burden of proving that such a modification is in order. Betts v. Betts, 549 So.2d 1246 (La.App. 3 Cir.1989). Upon review of a trial court's child support award, an appellate court may not review the record de novo, however, it may raise or lower it within an amount which was reasonably within the trial court's discretion. Campbell v. Campbell, 95-1711 (La.App. 1 Cir. 10/10/96); 682 So.2d 312. Hence, it is Mr. Riggs who bears the burden of proof of showing changed circumstances in order to win on a rule to modify child support.

III. MANIFEST ERROR REVIEW
An appeal court should not disturb a trial court's finding of fact absent manifest error. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). Factual review on appeal is governed by the manifest error standard in deference to the trial judge who is in a better position to evaluate live witnesses and evidence; the entire record must be considered in search for a manifestly erroneous decision. Odom v. State of Louisiana, through D.O.T.D, 95-1605 (La.App. 3 Cir. 9/25/96); 688 So.2d 1082. Where there is conflicting evidence and two permissible views of that evidence exists, "a fact finder's choice between them cannot be manifestly erroneous or clearly wrong." Stobart v. State, Through D.O.T.D.; 617 So.2d 880, 883 (La.1993). The Louisiana Supreme Court has provided a two-part test for review of a lower court's fact finding:
1) The appellate court must find from the record that there is a reasonable factual basis for the finding of the trial court, and
2) The appellate court must further determine that the record establishes that the finding is not clearly wrong (manifestly erroneous).
Mart v. Hill, 505 So.2d 1120, 1127 (La.1987).
Upon a review of the record as a whole, this court finds manifestly erroneous *117 the trial court's factual finding of circumstances so changed as to justify a reduction in child support. The trial court's decision was based upon a finding that Mr. Riggs had an adjusted gross income in 1995 of $54,980.00 and in 1996, his adjusted gross income was $47,611.00. While Mr. Riggs did establish his gross income for tax purposes, he failed to properly set forth his gross income that is appropriately considered for child support purposes. La.R.S. 9:315(4)(c) provides that "gross income" means:
(c) Gross receipts minus ordinary and necessary expenses required to produce income, for purposes of income from selfemployment, rent, royalties, proprietorship of a business, or joint ownership of a partnership or closely held corporation. "Ordinary and necessary expenses" shall not include amounts allowable by the Internal Revenue Service for the accelerated component of depreciation or investment tax credits or any other business expenses determined by the court to be inappropriate for determining gross income for purposes of calculating child support.
Mr. Riggs, in his 1996 income tax return, used an accelerated method of depreciation which enabled him to offset his gross receipts with accelerated depreciation values, therefore allowing him to show less taxable gross income. While this calculation is fine for federal income tax purposes, it is an inappropriate measure for child support purposes. The last sentence of La.R.S. 9:315(4)(c) limits the calculation of gross income for child support purposes by providing that "the accelerated component of depreciation expenses..." are not to be used to reduce gross receipts.
We note first that it is Mr. Riggs' burden to show that his earnings, upon which he bases his reduction in income, are calculated without the use of an accelerated component of depreciation. The record before us contains no testimony or other evidence, except the tax returns themselves, with reference to this item. However, a review of his 1996 income tax return shows that Mr. Riggs listed six items of depreciable property purchased in 1996, from which he realizes a maximum allowable depreciation deduction of $17,500.00. By recomputing these deductions using a straight line method, the court finds that Mr. Riggs would be entitled to deduct only $6,521.00. Hence, using an accelerated component of depreciation, Mr. Riggs gains $10,979.00 of deductions. When this accelerated amount is backed out of the equations of his 1996 tax return, Mr. Riggs actually shows a larger adjusted gross income than he did in 1995, thus defeating his attempt to show a substantial change in income.
The court notes that no other records of change in earnings are presented by the appellee and, accordingly, the finding of the trial judge premised upon the difference in the adjusted gross income on the tax returns of the two years cannot be sustained.

DECREE
Upon review of the record, this court finds manifest error in the trial court's finding of changed circumstances in accordance with La.R.S. 9:315(A). We find that the record provides only one permissible view of the evidence, that is, Mr. Riggs has failed to meet his burden of proving that his financial circumstances have changed, warranting a reduction of child support. We, therefore, reverse the lower court's rule to reduce child support and reinstate the former award of April 27, 1995. Costs at the trial level and on appeal are assessed to appellee, Ralph D. Riggs, Jr.
REVERSED AND RENDERED.