GASKINS, J.
1 [Karen Jeannette Barnes appeals from a trial court judgment finding that Ms. Barnes failed to carry her burden of proving entitlement to final child support from her former husband, Bobby Ray Barnes, and dismissing the claim with prejudice. For the following reasons, we reverse the trial court judgment and remand for further proceedings.
FACTS
The parties were married in June 1991. They had a son, Devin Duane Barnes, born February 22, 1995, and a daughter, Danielle Rae Barnes, born December 31, 1997. On September 19, 2008, Mr. Barnes filed a petition for a divorce under La. C.C. art. 102. He asked for joint custody of the children, with Ms. Barnes named as the domiciliary parent. Mr. Barnes alleged that the parties separated on September 17, 2008, and claimed that Ms. Barnes was not free from fault.
Ms. Barnes filed an answer and a reeon-ventional demand on October 15, 2008, asking for a divorce, joint custody with Ms. Barnes as the domiciliary parent, child support from Mr. Barnes, division of the community property, interim and permanent spousal support, and other incidental matters. She requested that Mr. Barnes produce his financial records and his income tax returns from 2005 through 2007. Ms. Barnes asserted that she was free from fault.
Mr. Barnes filed an amended petition for a La. C.C. art. 102 divorce and an *1006 answer to the reconventional demand. He asked to be named the domiciliary parent and sought child support from Ms. Barnes. In the alternative, Mr. Barnes sought sole custody of the children, use of the | ¿family home, and other incidental matters. He sought interim spousal support, claiming that he was free from fault.
On May 21, 2009, based upon the agreement of the parties, judgment on the rule was entered granting joint custody of the children, with Ms. Barnes designated as the domiciliary parent. Mr. Barnes was ordered to pay $1,275 per month in interim child support. The issues of interim spousal support and final child support were ordered to be reset by motion. Mr. and Ms. Barnes each hired new counsel.
On December 15, 2009, Ms. Barnes filed a rule to show cause why a divorce should not be granted, claiming that more than 365 days had passed since the filing of the original petition. Ms. Barnes also filed an affidavit of nonreconciliation. On the same date, Mr. Barnes filed a petition for a final divorce. On February 25, 2010, a judgment of divorce was entered in favor of Ms. Barnes.
On April 14, 2010, Mr. Barnes filed a petition for reduction of child support. His pleading noted that an interim judgment of child support was entered on May 21, 2009, ordering him to pay child support in the amount of $1,275 per month. He asserted that, since the rendition of that judgment, a substantial change in circumstances had occurred. He claimed that Ms. Barnes had been fired from her nursing job. He maintained that she was an RN with three degrees and was voluntarily unemployed. He sought to have his child support obligation reduced and requested production of her financial records.
|sOn August 19, 2010, the parties appeared before the trial court for a hearing on several issues including Mr. Barnes’ petition for reduction of child support. Concerning that issue, the following exchange took place:
[Mr. Barnes’ attorney]: ... I filed something calling it a motion to decrease and it really wasn’t a motion to decrease. I think we both agree that it’s really just a motion to set support. Is that correct?
[Ms. Barnes’ attorney]: That’s correct, Your Honor.
The Court: All right.
[Mr. Barnes’ attorney]: And the Court made me aware of that and so—
The Court: Right, so our — our issue, then, is the amount of child support?
[Mr. Barnes’ attorney]: Correct.
[Ms. Barnes’ attorney]: Yes, Your Hon- or.
Mr. Barnes’ attorney then called Ms. Barnes to the stand. Before beginning to question her, a further exchange took place:
[Mr. Barnes’ attorney]: ... Your honor are we going — was the other case in recess, is the way I understood it?
The Court: Well—
[Mr. Barnes’ attorney]: And do you have your notes from that day?
The Court: I’m going to suggest that we just — I don’t think we got that far into it. I was — when I recessed it I really just think we need to start from square one.
[Mr. Barnes’ attorney]: That’d be fine. The Court: Now having said that looking back through the record the original rule requesting child support was filed on behalf of Ms. Barnes. Now I know the pleading that has brought us here today is your petition to reduce the interim child — or reduce the child support but it’s actually — we’re |4going to say that we’re going on the — to set child support I think actually the burden is on the — Ms. Barnes.
*1007 [Mr. Barnes’ attorney]: That’d be fine, Your Honor. I’ll defer to [Ms. Barnes’ attorney].
The trial court inquired of Ms. Barnes’ attorney whether she understood that the issue before the court was the fixing of child support. The attorney responded that she understood and called her client, Ms. Barnes, to the stand. Ms. Barnes’ attorney asked her client only questions dealing with her quest to find employment. Ms. Barnes stated that she had applied for several jobs, but was only working part-time and was selling Mary Kay cosmetics. No evidence was offered as to what Ms. Barnes was earning or the amount of Mr. Barnes’ income. Mr. Barnes’ attorney did not question Ms. Barnes, and Ms. Barnes rested her case.
Mr. Barnes’ attorney moved for a directed verdict, claiming that Ms. Barnes did not offer any evidence whatever on the issue of entitlement to child support.[1] The attorney noted that Ms. Barnes did not even establish that the couple had children.
Ms. Barnes’ attorney basically responded that she was trying to establish that her client was not voluntarily unemployed or underemployed. The court then stated:
Well, I think you — maybe you’re not understanding what [Mr. Barnes’ attorney] has moved for. When we started this hearing today, I think we were really here on your petition to set child support. So the burden is on you to present the case to ^establish what, if any, child support your client would be entitled to. And the objection raised by [Mr. Barnes’ attorney] is that you didn’t, I mean, you’ve rested your case and you have not presented any evidence about any income of your client, nor have you introduced any evidence about any income for the other party, Mr. Barnes. So the burden is on you to present the evidence and you failed to do that. So I don’t see how we can go forward because you haven’t produced any evidence. So I suppose this would be an action for involuntary ... dismissal at the conclusion of the plaintiffs case, or in this case the plaintiff in reconvention’s case. And I’m — I will grant that.
On September 20, 2010, the trial court signed and filed a judgment reflecting that the matter came up on the motion of Bobby Ray Barnes and that the court denied with prejudice the rule nisi for child support filed by Karen Barnes retroactive to October 15, 2008, pursuant to La. C.C.P. art. 1672(B). Ms. Barnes hired new counsel and appealed the trial court judgment.
INVOLUNTARY DISMISSAL
On appeal, Ms. Barnes argues that the trial court erred in dismissing the rule for child support as the parental obligation of support to minors may not be abandoned. Ms. Barnes argues that parents have a duty to support their children and the legal duty of support may not be permanently set aside by parents or court judgment. She contends that the trial court did not consider that the mother is the domiciliary parent and entitled to receive child support from the noncustodial parent. Ms. Barnes asserts that the court should have asked questions of the parties concerning their income. She maintains that the trial court should have continued the matter pending submission of income information in compliance with La. R.S. *1008 9:315.2 and then should have calculated support pursuant to the statutory child support |f,guidelines. Ms. Barnes claims that the involuntary dismissal was contrary to the interest of justice and public policy and left the children without support.
Discussion
Fathers and mothers, by the very act of marrying, contract together the obligation of supporting, maintaining, and educating their children. La. C.C. art. 227. In a proceeding for divorce or thereafter, the court may order either or both of the parents to provide an interim allowance or final support for a child based on the needs of the child and the ability of the parents to provide support. The court may award an interim allowance only when a demand for final support is pending. La. C.C. art. 141.
An award of child support may be modified if the circumstances of the child or of either parent materially change and shall be terminated upon proof that it has become unnecessary. La. C.C. art. 142. An award for support shall not be modified unless the party seeking the modification shows a material change in circumstances of one of the parties between the time of the previous award and the time of the rule for modification of the award. La. R.S. 9:311(A)(1). The party seeking a reduction of his child support obligation has the burden of proving that modification is warranted, i.e., that a change of circumstances sufficient to justify the decrease has occurred. Armstrong v. Rayford, 39,-653 (La.App.2d Cir.5/11/05), 902 So.2d 1214.
La. C.C.P. art. 1672(B) provides:
In an action tried by the court without a jury, after the plaintiff has completed the presentation of his evidence, any party, 17without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal of the action as to him on the ground that upon the facts and law, the plaintiff has shown no right to relief. The court may then determine the facts and render judgment against the plaintiff and in favor of the moving party or may decline to render any judgment until the close of all the evidence.
Upon a motion for involuntary dismissal in a bench trial, the judge must evaluate all the evidence, without any special inferences in favor of the opponent of the motion, and grant the dismissal if the plaintiff has not established proof by a preponderance of the evidence. The appellate court will not reverse an involuntary dismissal under La. C.C.P. art. 1672(B) in the absence of manifest error. The trial court has great discretion in the granting of an involuntary dismissal. Smith v. Knight, 39,781 (La.App.2d Cir.6/29/05), 907 So.2d 831. See also Clifton v. Coleman, 32,612 (La.App.2d Cir.12/23/99), 748 So.2d 1263, writ denied, 2000-0201 (La.3/24/00), 758 So.2d 151; Chandler v. Chandler, 45,308 (La.App.2d Cir.5/19/10), 37 So.3d 569.
Upon the facts presented in this record, the trial court erred in granting a judgment of involuntary dismissal. The trial court mistakenly amended the issue before the court, contrary to the pleading which brought the matter into court for a hearing, and changed which party had the burden of proof. Public policy and the statutory scheme governing child support awards were circumvented in the judgment which dismissed the matter with prejudice, and allowed Mr. Barnes to leave court with no judicially determined child support obligation at all.
|sBoth parties, in their petitions for divorce, requested domiciliary custody and child support. Thereafter, the parties agreed that the mother would be given domiciliary custody and the father would *1009 pay $1,275 per month in interim child support. The divorce was granted approximately nine months later. The father later filed his petition for reduction of child support, complaining that the mother was voluntarily unemployed/underemployed. Attached to his petition was a signed order that a “rule nisi [is] herein directed unto the defendant in rule, Karen Barnes, ordering her to show cause, if she can, ... why there should not be judgment herein in favor of plaintiff in rule, Bobby Ray Barnes, and against defendant in rule, Karen Barnes, reducing Bobby Ray Barnes’ child support obligation in accordance with the Louisiana Child Support Guidelines.” Based upon the pleading filed by Mr. Barnes, the issue before the court was whether Ms. Barnes was voluntarily unemployed/underemployed. The burden would have been on Ms. Barnes to show that she was not voluntarily unemployed/underemployed. However, if Mr. Barnes had filed for final support in this proceeding, he would have had the burden of proof.
At the hearing, the trial court intervened and specified that the issue before the court was final child support, based upon a prior pleading filed on October 15, 2008, by Ms. Barnes in connection with her petition for a divorce. In so doing, the trial court changed the issue before the court, ignored the pleading that actually instituted the hearing, and switched the burden of proof from Mr. Barnes to Ms. Barnes. Ms. Barnes’ attorney had no notice prior to coming to court that the issue to be considered on the day |9of the hearing was final child support, rather than whether her client was voluntarily unemployed/underemployed.
After the intervention by the trial court specifying that the issue was final child support, Mr. Barnes’ attorney also thought that the issue of final child support was raised pursuant to the motion he had filed and believed that he had the burden of proof. We observe that his petition before the court in this instance did not address final support. A motion to set final child support could have been properly filed by Mr. Barnes under La. C.C. art. 105 which provides that, in a proceeding for divorce or thereafter, either spouse may request a determination of support of a minor child.
In addressing Mr. Barnes’ attorney, the trial court stated, “Now I know the pleading that has brought us here today is your petition to reduce the interim child — or reduce the child support but it’s actually— we’re going to say that we’re going on the — to set child support I think actually the burden is on the — Ms. Barnes.” The trial court made this statement in spite of its judgment of May 21, 2009, awarding Ms. Barnes interim child support and ordering that the issue of final child support be reset by motion. Ms. Barnes had neither filed a new claim for child support nor had she taken steps to reset the issue of final child support.
Even though Ms. Barnes’ attorney responded to the court that she understood that the issue before the court was the fixing of final child support, it became abundantly clear after Ms. Barnes’ testimony that the attorney did not understand that the issue was final child support rather than the voluntariness of Ms. Barnes’ unemployment/underemployment. This | ]nconfusion is understandable since Ms. Barnes did not instigate this proceeding, and she was in court pursuant to Mr. Barnes’ rule to show cause.
The trial court’s decision granting the involuntary dismissal with prejudice relieved Mr. Barnes of any judicially enforced child support obligation and prevented Ms. Barnes from asserting another claim for child support absent a showing of a change in circumstances. The trial court’s action violates public policy and the *1010 Louisiana statutory scheme concerning child support awards.
Parents have a duty to support their children. Children cannot live on light and air; they need and are entitled to not only love and affection, but also the financial support of their parents. Leger v. Leger, 2000-0505 (La.App. 1st Cir.5/11/01), 808 So.2d 632. The support obligation imposed on a parent is firmly entrenched in Louisiana law and is a matter of public policy. The obligation to nourish and rear one’s children has its source in a person’s status as father or mother. Each parent owes an obligation to support, maintain, and educate his or her children in proportion to his or her resources. Fink v. Bryant, 2001-0987 (La.11/28/01), 801 So.2d 346.
The amount of child support to be awarded is governed by La. R.S. 9:315 et seq. In no event shall the court set an award of child support less than one hundred dollars, except in cases involving shared or split custody as provided in La. R.S. 9:315.9 and 315.10, or when the obli-gor has a medically documented disability that limits his ability to meet the mandatory minimum. See La. R.S. 9:315.14.
^DISMISSAL WITH PREJUDICE
A judgment of dismissal with prejudice shall have the effect of a final judgment of absolute dismissal after trial. A judgment of dismissal without prejudice shall not constitute a bar to another suit on the same cause of action. La. C.C.P. art. 1673.
In this matter, by entering a judgment of involuntary dismissal with prejudice, the trial court allowed Mr. Barnes to walk away from these proceedings with no judicially established obligation to provide support for his children, a result clearly not in the best interest of the children. By granting the involuntary dismissal with prejudice, the trial court denied child support to the children of the marriage and prevented Ms. Barnes from filing to set child support in the future, barring a change in circumstances. Such a result is contrary to the statutory and judicial scheme of this state. The trial court abused its discretion in ordering the involuntary dismissal with prejudice and we reverse that decision.
CONCLUSION
For the reasons stated above, we reverse the trial court judgment granting an involuntary dismissal with prejudice and remand for further proceedings. We reinstate the interim award of child support retroactively. Costs in this court are assessed to the plaintiff, Bobby Ray Barnes.
REVERSED; INTERIM CHILD SUPPORT REINSTATED RETROACTIVELY; REMANDED FOR FURTHER PROCEEDINGS.

. As established later in the transcript, the correct motion was for an involuntary dismissal, which is appropriate in a bench trial, rather than a directed verdict, which is applicable in a jury trial. However, the error is one of form rather than substance, as the ultimate object of both motions is the same. See Tate v. Tate, 2009-2034 (La.App. 1st Cir.6/11/10), 42 So.3d 439.