NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

12-784

TAMMY RIBERA LEDOUX

VERSUS

SHANNON LEDOUX

**********
APPEAL FROM THE
TWELFTH JUDICIAL DISTRICT COURT
PARISH OF AVOYELLES, NO. 2009-4420-A
HONORABLE MARK A. JEANSONNE, DISTRICT JUDGE

**********

J. DAVID PAINTER
JUDGE

**********

Court composed of Sylvia R. Cooks, Billy Howard Ezell, and J. David Painter, Judges.

REVERSED. PRIOR ORDER OF CHILD SUPPORT REINSTATED

Angelo J. Piazza, III
P.O. Box 429
Marksville, LA 71351
COUNSEL FOR DEFENDANT-APPELLEE:
      Shannon Ledoux

Renee Y. Roy, Assistant District Attorney
Avoyelles Parish District Attorney's Office
417 North Main Street
Marksville, LA 71351
COUNSEL FOR STATE OF LOUISIANA

Cory P. Roy
Brandon J. Scott
P.O. Box 544
Marksville, LA 71351
COUNSEL FOR PLAINTIFF-APPELLANT:
      Tammy Ribera Ledoux

**PAINTER, Judge.**

Shannon Ledoux sought to have his child support obligation reduced while his former wife sought to have the amount increased. The trial court granted Shannon's motion and reduced the amount of child support. We find that Shannon did not meet his burden of proof, reverse the judgment reducing his child support obligation, and reinstate the prior order of child support.

## FACTS AND PROCEDURAL HISTORY

Tammy and Shannon were married on June 17, 1995. Three children were born of the marriage. The parties separated on September 15, 2009, and Tammy filed a petition for divorce in November, 2009. The parties shared custody of the three minor children, and, pursuant to an interim consent judgment signed on March 3, 2010, Shannon was ordered to pay Tammy $250.00 per week for child support. Resolution of the issue of child support has been contentious and has resulted in the filing of several rules for contempt due to Shannon's non-payment of support for several months in 2010, and several rules to modify or terminate visitation.

On December 13, 2010, Shannon filed a rule for reduction of child support alleging that "due to the economy and the lack of business[,] he is currently unable to meet his child support obligations." On January 22, 2011, the trial court issued a judgment extending the previous interim consent judgment and further ordering Shannon to pay child support in the previously stipulated amount. More rules for contempt followed.

The judgment of divorce was signed on April 8, 2011. On June 9, 2011, the State of Louisiana filed a rule to review child support seeking to modify the amount of child support owed to the amount specified in La.R.S. 9:315 et seq. In response, on July 29, 2011, Shannon filed a rule for primary custody and termination of child support. Shannon alleged that Tammy had been involved in an automobile accident and was unable to care for the children because of her injuries, that Tammy had not

used the child support payments appropriately, and that Tammy had physically tried to hurt him and his girlfriend. Tammy filed another rule for contempt on August 2, 2011. In that rule, Tammy sought to have Shannon turn over the insurance check that he received for payment of property damages when Tammy totaled the community vehicle of which she was granted use. She also alleged that Shannon had not undergone psychological evaluation as ordered by the court and that he was attempting to alienate the affection of the minor children. She also filed a petition to partition the community at that time. On August 17, 2011, the State filed a summons and rule to show cause for contempt and past due support alleging that Shannon had failed to pay child support for August 2011, as ordered. Tammy filed another petition to make past due child support executory and for contempt on November 21, 2011. On December 9, 2011, the trial court rendered judgment finding Shannon in contempt for failure to undergo the court ordered psychological evaluation and for failure to pay court ordered child support in the amount of $5,825.00.

On March 28, 2012, Shannon filed the rule for reduction of child support that is the subject of the present appeal. He again asserted that "due to the economy and the lack of business[,] he is unable to meet his child support obligation." Shannon owns and operates the "Crispy Cajun Fried Chicken" restaurant[1] and a mobile home park in Bunkie, Louisiana. He contended that his failing business ventures explained his history of arrearages in child support.

Tammy countered with a rule to increase the amount of child support. Following a hearing at which Shannon, his CPA, and his girlfriend testified, the trial court signed a judgment on May 9, 2012, in favor of Shannon and reducing his child support obligation to $675.00 per month plus $487.00 per month in tuition to be paid directly to the children's school.

---

[1] Shannon's tax return indicates that the business name is "Crispy Cajun Fried Chicken Steak & Seafood, L.L.C." Hereinafter, this opinion will refer to the business as "Crispy Cajun."

At the hearing, Shannon admitted that he had not disclosed all of the pertinent information regarding his actual income to his CPA. The trial court noted that Shannon's tax return was neither complete nor accurate; however, it went on to reduce the amount of Shannon's child support obligation. Tammy's rule to increase the amount of child support was deferred, and the resolution of the issues raised in that rule is not before us in this appeal. Upon our review of the record, we find manifest error in the trial court's factual finding of a change in circumstances justifying a reduction in child support. The trial court's decision was based, in part, on a tax return which the trial court specifically noted was incomplete and inaccurate. We reverse the judgment granting the reduction in child support and reinstate the prior judgment of support in the amount of $250.00 per week as first ordered in the interim consent judgment of March 3, 2010, that was extended by judgment dated January 22, 2011.

## DISCUSSION

Louisiana Revised Statutes 9:311(A)(1) provides that "An award for support shall not be modified unless the party seeking the modification shows a material change in circumstances of one of the parties between the time of the previous award and the time of the rule for modification of the award." "The party seeking a reduction of his child support has the burden of proving that modification is warranted, i.e., that a change of circumstances sufficient to justify the decrease has occurred." *Barnes v. Barnes*, 46,417, p. 6 (La.App. 2 Cir. 6/22/11), 71 So.3d 1004, 1008, *citing Armstrong v. Rayford*, 39,653 (La.App. 2 Cir. 5/11/05), 902 So.2d 1214. On appeal, Tammy contends that the trial court erred in finding Shannon's income to be $10,000.00 per year and in finding that Shannon met the requisite burden of proving a material change in circumstances (specifically, a change in income) sufficient to justify a decrease in child support. Shannon contends that he has met his burden of proof based on his tax returns and the testimony of his CPA, Dan Brown. He further

alleges that his history of late payments demonstrates his financial struggles and further supports a change in circumstances.

In an attempt to meet the burden of proof required to justify a decrease in his child support obligation, Shannon introduced his 2011 tax return, a profit and loss statement from Crispy Cajun for the first quarter of 2012, the testimony of Mr. Brown, his own testimony, and the testimony of his girlfriend.

Mr. Brown testified that Shannon had $368,917.00 of gross restaurant income sales. Of that, $281,652.00 was spent on buying products and food for the restaurant. Further, Mr. Brown testified that there were other expenses, such as rent, repairs, maintenance, sales tax, utilities, and wages, of $77,456.00. Mr. Brown testified that Shannon had a net income of $9,809.00 for 2011. Mr. Brown had no knowledge of the operation of the mobile home park until about two weeks before the hearing. Mr. Brown admitted that the 2011 tax return did not accurately reflect all of Shannon's income or loss and that all he could testify to was what was shown on that tax return. Mr. Brown testified that Shannon gave him some information concerning the mobile home park just before Mr. Brown took the witness stand. Based on that information, which was neither identified nor introduced into evidence, Mr. Brown testified that the mobile home park would have resulted in a loss.

During his own testimony, Shannon indicated that he paid his personal bills directly from Crispy Cajun. Shannon further admitted that he did not disclose income he received from the mobile home park. As a result, he admitted that the testimony given by Mr. Brown was not completely reliable. His girlfriend, Jene Kim Garrido, testified that she paid numerous bills for Shannon and that she sometimes paid his child support obligation.

The trial court, when making its oral ruling, specifically stated that the 2011 tax return was not complete and was not accurate. The trial court further indicated that it was considering Shannon's sales tax debt in its calculations even though the testimony

4

related thereto "was not precise, but it was estimate [sic] of some twenty thousand behind or thirteen months." In fixing the child support obligation at $487.00 per month the trial court stated:

> Well there was a net loss reported by the expert[,] Mr. Brown[,] which I did not include because of a draw and I didn't actually add them up[,] I had two figures in my mind, the ten thousand dollar figure and the other one it [sic] would have been a thousand dollars on the trailer houses[,] and then I pounded at the shared regime and the extraordinary expenses which is what I would call the St. Anthony School . . . and that's how I came to the $675.00 total per month plus the St. Anthony.

From these statements and our review of the record, this court finds that there was manifest error in the trial court's factual finding that there was a change in circumstances that justified a decrease in Shannon's child support obligation. The trial court based its decision, in part, on the 2011 tax return showing a net income of $9,809.00. The testimony adduced at the hearing established, and the trial court specifically noted, that the 2011 tax return was not accurate. An inaccurate and incomplete record cannot provide a reasonable factual basis for the trial court's finding. As in *Riggs v. LaJaunie*, 98-304, p. 5 (La.App. 3 Cir. 10/7/98), 720 So.2d 114, 117, we find "that the record provides only one permissible view of the evidence." In this case, the only permissible view is that Shannon failed to meet his burden of proving that his financial circumstances have changed. Accordingly, we reverse the trial court's ruling. In reinstating the prior amount of child support, we note that "[a]n amount stipulated to in a consent judgment is a judicial admission that the recipient is entitled to that amount." *Id.* at 116.

## DECREE

Due to our conclusion that there was manifest error in the trial court's factual finding of a change in circumstances justifying a reduction in child support, we reverse the judgment granting the reduction in child support and reinstate the prior judgment of support in the amount of $250.00 per week as first ordered in the interim

consent judgment of March 3, 2010, that was extended by judgment dated January 22,

2011. Costs of this appeal are assessed to Defendant-Appellee, Shannon Ledoux.

**REVERSED. PRIOR ORDER OF CHILD SUPPORT REINSTATED.**

This opinion is NOT DESIGNATED FOR PUBLICATION. Uniform Rules—Courts of Appeal, Rule 2–16.3.