STEPHENS, J.
Dorothy Ann Nichols Branton appeals a community property partition judgment in the Twenty-Sixth Judicial District Court, Parish of Bossier, State of Louisiana, between her and Dennis Alan Branton, her ex-husband. For the following reasons, we affirm the trial court's judgment.
FACTS AND PROCEDURAL HISTORY
Dorothy Ann Nichols Branton ("Dorothy") and Dennis Alan Branton ("Dennis") were married on October 6, 1973, and physically separated in April or May of 2014. A petition for divorce was filed on April 17, 2015, and judgment of divorce was granted on March 1, 2016. The community of acquets and gains existing between the parties was terminated retroactive to April 17, 2015. During their 42-year marriage, Dorothy and Dennis acquired substantial community property including numerous immovable properties, limited liability companies, and vehicles. Throughout 2½ years of litigation, the parties entered into multiple consent orders, consent judgments, and joint stipulations regarding the use, maintenance, management, valuation, alienation, and partial partition of their vast community-including a consent judgment filed on January 30, 2017, which ordered the sale of their flagship companies, Branton Tools, L.L.C., and Branco Tools, L.L.C., to their son, for a total purchase price of $ 13,386,709.00. Both Dorothy and Dennis were required on numerous occasions to testify under oath that they understood and consented to the provisions of a specific agreement.
Trial to partition the remaining assets was set for October 10, 2017. Dorothy filed motions to continue the trial on September 1 and October 6, 2017, both of which were denied by the trial court. Notably, Dorothy retained new counsel on October 6, 2017. Then, on the day the partition trial was to begin, October 10, 2017, the parties ultimately entered into a full and final settlement agreement (the "Agreement"), which was recited into the record in open court. Both parties were again placed under oath and testified that the compromise as recited into the record was in fact their agreement. Following a hearing held on November 30, 2017, to address the form and content of the written compromise, a community property partition judgment (the "Judgment") was signed by the trial court on December 5, 2017, and filed into the record the next day. Dorothy objected to the signing of the Judgment, claiming it was not in accordance with the Agreement. Prior to signing, the trial court reviewed the transcribed Agreement and subsequently overruled and reserved Dorothy's objection to the Judgment. Dorothy filed a *668 timely motion for appeal, which was denied by the trial court. She then sought a supervisory writ from this court. Following consideration of the writ, the matter was remanded to the trial court for perfection as an appeal, and this appeal by Dorothy ensued.
DISCUSSION
In her first assignment of error, Dorothy asserts the community property partition judgment signed by the trial court does not represent the agreement of the parties as recited in open court on October 10, 2017, and that the Judgment should, therefore, be amended to conform to the specific Agreement between the parties. We disagree.
A husband and wife's agreement to partition community property is a transaction and compromise as contemplated by La. C.C. art. 3071. McCartney v. McCartney , 52,209 (La. App. 2 Cir. 8/15/18), 256 So.3d 1101. Article 3071 provides that a compromise is a contract whereby the parties, through concessions made by one or more of them, settle a dispute or an uncertainty concerning an obligation or other legal relationship. A compromise shall be made in writing or recited in open court, in which case the recitation shall be susceptible of being transcribed from the record of the proceedings. La. C.C. art. 3072. It settles only those differences that the parties clearly intended to settle, including the necessary consequences of what they express and precludes the parties from bringing a subsequent action based upon the matter that was compromised. La. C.C. art. 3076 ; La. C.C. art. 3080. A compromise agreement, like other contracts, is the law between the parties and must be interpreted according to the parties' true intent. Suire v. Lafayette Consol. City-Parish Gov't , 2004-1459 (La. 4/12/05), 907 So.2d 37 ; McCartney , supra .
Courts give contractual words their generally prevailing meaning unless the words have acquired a technical meaning. La. C.C. art. 2047. When the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the intent of the parties. La. C.C. art. 2046 ; Mack Energy Co. v. Expert Oil & Gas L.L.C. , 2014-1127 (La. 1/28/15), 159 So.3d 437 ; McCartney , supra . A doubtful provision must be interpreted in light of the nature of the contract, equity, usages, conduct of the parties before and after the formation of the contract, and other contracts of a like nature between the same parties. La. C.C. art. 2053 ; Olympia Minerals, LLC v. HS Resources, Inc. , 2013-2637 (La. 10/15/14), 171 So.3d 878 ; McCartney , supra .
A stipulated or consent judgment is not appealable when "voluntarily and unconditionally acquiesced in." La. C.C.P. art. 2085. It may, however, be appealed when a party indicates that the judgment lacked the prerequisite consent. In re Succession of Sewell , 39,275 (La. App. 2 Cir. 12/22/04), 895 So.2d 14 (on reh'g ).
Dorothy's right to appeal the Judgment was preserved by her objection, at the November 30 form and content hearing, to certain provisions of the Judgment. Dorothy asserted then, and now on appeal, that the Judgment contained clauses which waive and release claims and rights that were not intended to be waived or released by the Agreement. However, the record, reviewed in its entirety, does not support Dorothy's allegation. In reciting the Agreement into the record, counsel for Dennis stated in pertinent part:
There are a number of unresolved claims between the parties including reimbursement claims, claims associated with movable property and immovable *669 property to be potentially auctioned today and decided by the court. The parties have agreed to resolve all remaining claims between them associated with the community: reimbursement claims, accounting, [and] ownership.... And then the remaining as we've discussed all other claims, demands and causes of action between the parties will be relinquished except as stipulated here today.
Dorothy made no contemporaneous objections to any provisions of the Agreement as recited, and, significantly, she did not, as part of the Agreement, reserve any rights or claims. After the agreement in its entirety was recited into the record, without objection, both Dorothy and Dennis were questioned under oath by their respective counsel and confirmed their understanding and consent to the Agreement. Among additional inquiries, counsel for Dorothy notably asked, "You and I have discussed reimbursement claims, properties, properties not in here and all the others and you understand that you're waiving all those issues [and] everything is being settled here today in full and final?"
To which Dorothy replied, "Yes. Yes."
The words of the Agreement clearly and explicitly demonstrate that the parties intended for the Agreement to resolve all of the matters and claims between them. Dorothy and Dennis had previously entered into multiple written and oral agreements and stipulations; considering the context of the Agreement and the language used, it is not reasonable to conclude that on October 10, Dorothy could have intended anything but for the Agreement to be a full and final settlement between she and Dennis. The Judgment understandably contains more eloquent phrasing than that of the Agreement and articulates in accordance with La. C.C. art. 3076, the "necessary consequences" of the expressed terms of the Agreement. However, the Judgment does not add new provisions not contemplated by the Agreement. Accordingly, the trial court did not err in determining that the Judgment accurately reflected the Agreement. This assignment of error is without merit.
In her second assignment of error, Dorothy asserts the trial court erred by denying motions to continue which she filed on September 1 and October 6, 2017. As discussed above, it is clear that the parties entered into the Agreement with the intent that it resolve all issues, claims, and prior grievances between them. Again, Dorothy made absolutely no reservations at the time the Agreement was entered into the record. Following the denial of her September 1 motion to continue the trial set for October 10, Dorothy could have exercised her right to seek a supervisory writ with this court. Otherwise, if Dorothy desired to preserve her objection to either denial at issue here, she could have proceeded to trial instead of entering into the Agreement. This court recently discussed the utility of compromises in Haygood v. Haygood , 52,435 (La. App. 2 Cir. 1/16/19), 264 So.3d 1226. The Haygood court provided in part:
Invalidation of a compromise and stipulation, voluntarily entered into on the record and under oath by parties represented by counsel, is not an action to be taken lightly by this Court ... parties need to be able to rely on the sworn stipulations of one another and govern their future actions based on compromises and settlements memorialized thereby.
Id. at 1232. For this court to now review the trial court's denial of Dorothy's motions to continue would degrade the legitimacy and finality of otherwise valid compromises. Accordingly, this assignment of error is without merit.
*670 In her final assignment of error, Dorothy asserts that her consent to the agreement was vitiated by error, fraud, and duress and that the agreement should, therefore, be rescinded. Only issues which were submitted to the trial court and which are contained in specifications or assignments of error will be considered on appeal, unless the interest of justice clearly requires otherwise. U.R.C.A. Rule 1-3; Audio Plus, Inc. v. Lombardino , 47,488 (La. App. 2 Cir. 9/20/12), 105 So.3d 725. In this case, the issue of consent vitiated by error, fraud, or duress was not submitted to the trial court, and we do not find that the interest of justice clearly requires our consideration of that issue. This assignment of error is not properly before this court and is, therefore, without merit.
CONCLUSION
Accordingly, for the foregoing reasons, the community property partition judgment is affirmed. All costs of appeal are assessed to Dorothy Ann Nichols Branton.
AFFIRMED.